IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen C., a minor, by and through Frank C., guardian ad litem, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Bureau of Indian Education, et al.,<br><br>Defendants. | No. CV-17-08004-PCT-SPL<br><br>**ORDER** |

On January 12, 2017, minor Plaintiffs and the Native American Disability Law Center filed this action against Defendants Bureau of Indian Education, United States Department of the Interior, Sally Jewell, Lawrence Roberts, Tony Dearman, and Jeff Williamson. Presently at issue is Defendants' Motion to Strike the Complaint for violating Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 42.)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Allegations in a complaint must "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). On the other hand, *Iqbal* and *Twombly* require enough facts that the defendant has "fair notice of what the... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After the *Iqbal/Twombly* holdings, the Ninth Circuit considered prolixity in relation to Rule 8. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047 (9th Cir. 2011). "Although normally 'verbosity or length is not by itself a basis for dismissing a complaint,' … we have never

held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise." *Id.* at 1058 (citations omitted) (collecting cases). "While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that is needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Id.* (citation and quotation marks omitted). Prolix complaints burden the "adversary with the onerous task of combing through a … pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Id.* at 1059.

Defendants do not seek to trivialize the allegations made in the Complaint (Doc. 42-1 at 6 n.1), and this Court agrees. Nevertheless, Plaintiffs' Complaint is 101 pages long. Plaintiffs do not reach the First Cause of Action until page 85. There is no question that the Complaint is prolix and needlessly long. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not satisfy Rule 8(a) where the pleading is needlessly long, redundant, prolix, or confusing). The Court notes that the Complaint is not poorly written nor is it incomprehensible. Once Plaintiffs get to the causes of action, they identify the cause of action, the statute and the act violated, who brought the claim against which Defendants, and listed the specific acts or failures to act that prompted that claim. (Doc. 17 at 85-101.)

However, the Complaint reads more like a dissertation than a complaint, including excessive citations to educational writings. At times, the Complaint is not clear whether it is making current or historical allegations, whether the allegations are tied to any specific Plaintiff, or identify when the event took place. References to the Plaintiffs are few and far between, and are scattered throughout the Complaint. *See Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 640 (9th Cir. 1988) ("Even if the factual elements of the cause of action are present but are scattered throughout the complaint and are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a)(2) is

proper."). A complaint must "give defendants a fair opportunity to frame a responsive pleading." *McHenry*, 84 F.3d at 1174. Here, Defendants would be incapable of admitting or denying the majority of allegations. *See Mendez v. Draham,* 182 F. Supp. 2d 430, 433 (D.N.J. 2002) ("Only through superhuman patience, effort, and insight, could any attorney review the allegations of the Complaint and make paragraph-by-paragraph responses."). As a matter of prudent case management, this Court will allow Plaintiffs the opportunity to streamline the complaint before requiring an answer. *See In re Glenfed, Inc. Sec. Litig.,* 42 F.3d 1541, 1554 (9th Cir. 1994) (en banc) superseded by statute on other grounds as stated in *Johnson v. Wal-Mart Stores, Inc.,* 544 Fed. App'x. 696, 698 (9th Cir. 2013). Accordingly,

**IT IS ORDERED:**

1. That Defendants' Motion to Strike the Complaint (Doc. 42) is **granted**;

2. That the Complaint (Doc. 17) is **stricken**;

3. That Plaintiffs are granted leave to file an amended complaint in accordance with this Order no later than **June 5, 2017**; and

4. That if Plaintiffs elect not to file an amended complaint by **June 5, 2017**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 8th day of May, 2017.

Honorable Steven P. Logan
United States District Judge