CHAD A. READLER
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Branch Director
LISA A. OLSON, D.C. Bar No. 384266
CESAR A. LOPEZ-MORALES, MA Bar No. 690545
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C.  20530
Telephone:  (202) 514-5633
Facsimile:  (202) 616-8470
Email: lisa.olson@usdoj.gov
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Stephen C., a minor, by Frank C., guardian
ad litem, et al.,

                Plaintiffs,

    v.

Bureau of Indian Education, et al.,

                Defendants.

No. 3:17-cv-08004-SPL

**ANSWER**

Defendants, by and through their undersigned counsel, answer Plaintiffs' Second Amended Complaint ("Complaint") as follows:[1]

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

---

[1] This Answer pertains only to plaintiffs Stephen C., Anna D., Durell P., and Taylor P. *See* March 29, 2019 Order [ECF 100]. Defendants have responded to allegations pertaining to plaintiffs that have been dismissed from the case with an "N/A," indicating that such allegations are not applicable.  For causes of action III-VI, this Answer pertains only to Defendants Bureau of Indian Education ("BIE"), United States Department of the Interior ("DOI"), and Ryan Zinke, in his official capacity as Secretary of the Interior. *See id.*

In answer to the individually numbered paragraphs of the Complaint, Defendants state as follows:

1. This paragraph contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

2. Admit the first sentence. Deny the second sentence.

3. This paragraph contains Plaintiffs' characterization and description of 25 U.S.C. §§ 2000 and 2001 and 25 C.F.R. §§ 32.3-32.4, to which the Court is respectfully referred for complete and accurate statement of their contents.

4. This paragraph contains Plaintiffs' characterization and description of 25 C.F.R. §§ 36.11-36.51, to which the Court is respectfully referred for a complete and accurate statement of their contents.

5. This paragraph contains Plaintiffs' characterization and description of Pub. L. No. 95-561, § 1125, 92 Stat. 2143, 2319 (1978); 25 U.S.C. § 2005(b)(1); Exec. Order No. 13,160, and 65 Fed. Reg. 39775 (June 23, 2000), to which the Court is respectfully referred for a complete and accurate statement of their contents.

6. The first two sentences contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence regarding Plaintiffs' motivations for bringing this action.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The second sentence contains Plaintiffs' statement of the jurisdictional basis for this action, to which no answer is required. The third

sentence contains Plaintiffs' statement of venue for this action, to which no answer is required.

8.      Admit the first two sentences.  Admit the third sentence, except to aver that Stephen C. is currently attending a residential placement as determined by his individualized education program (IEP) team.  Admit the fourth and fifth sentences.

9.      Admit the first sentence, except to aver that Anna D. is ten years old, and defendants lack knowledge or information sufficient to form a belief about whether Anna D. resides on the Havasupai reservation in Supai, Arizona.  Deny the second and third sentences and aver that she attended Havasupai Elementary School from kindergarten until August 2017.  Admit the last sentence.

10.     Admit the first sentence, except to aver that Durell P. has turned fourteen-years-old since the filing of the Complaint.  Admit the second sentence.  Deny the third sentence except to admit that Durell P. has been enrolled at Havasupai Elementary School since kindergarten.  Admit the fourth and fifth sentences.

11.     Admit, except to aver that Taylor P. has turned ten-years-old since the filing of the Complaint.

12-16. N/A.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence and second sentences.  Deny the third sentence except to admit that NADLC has filed two administrative complaints against Havasupai

3

Elementary School.  Deny the fourth sentence except to admit that both cases settled.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20.      Denied, except to admit that NADLC submitted a FOIA request to BIE on or about May 21, 2015, and filed a complaint against the federal government in the United states District Court for the District of Columbia on or about March 21, 2017.  Defendants respectfully refer the Court to that request and complaint for a complete and accurate statement of their contents.  Aver that BIE has produced thousands of pages of responsive documents to NADLC in response to its FOIA request.

21-23. Admitted.

24.     Denied, and aver that Michael Black is no longer serving as the Acting Assistant Secretary-Indian Affairs.

25.     Admit the first sentence.  Deny the remainder of the paragraph except to admit that the Director of BIE is responsible for overseeing that agency's compliance with appropriate laws.

26.     Deny first sentence except to admit that Jeff Williamson was the Principal of Havasupai Elementary School.  Admit the second sentence.

27.     Admit first and second sentences.  Deny the third and fourth sentences except to admit the Havasupai Elementary School currently services approximately 70 students; is both funded and operated by the BIE; and is not controlled or operated by the Havasupai government.  The remainder of the fourth sentence contains Plaintiffs' characterization and description of 20 U.S.C. § 7801(30)(C), to which the Court is respectfully referred for a

complete and accurate statement of its contents.

28.     Admit the first sentence. The remainder of the paragraph consists of Plaintiffs' characterization and description of 25 U.S.C. §§ 2000 and 2006, to which the Court is respectfully referred for a complete and accurate statement of their contents.

29.     The first two sentences contain Plaintiffs' characterization and description of 25 U.S.C. §§ 2000 and 2001, and 25 C.F.R. § 32, to which the Court is respectfully referred for a complete and accurate statement of their contents. The third sentence contains Plaintiffs' characterization and description of *United States v. Navajo Nation*, 537 U.S. 488 (2003), to which the Court is respectfully referred for a complete and accurate statement of its contents.

30.     This paragraph contains Plaintiffs' characterization and description of 20 U.S.C. § 7401, to which the Court is respectfully referred for a complete and accurate statement of its contents.

31-32. These paragraphs contain Plaintiffs' characterization and description of 25 C.F.R. part 36, to which the Court is respectfully referred for a complete and accurate statement of their contents.

33.     This paragraph contains Plaintiffs' characterization and description of 25 C.F.R. part 36, and 25 U.S.C. § 2000, to which the Court is respectfully referred for a complete and accurate statement of their contents.

34.     This paragraph contain Plaintiffs' characterization and description of 25 C.F.R. § 36.20(a), to which the Court is respectfully referred for a complete and accurate statement of its contents.

35-36. These paragraphs contain Plaintiffs' characterization and description of 25 C.F.R. § part 36, to which the Court is respectfully referred for a complete and accurate statement of its contents.

37.     This paragraph contains Plaintiffs' characterization and description of 29 U.S.C. § 794, and 42 U.S.C. § 12102, to which the Court is respectfully referred for a complete and accurate statement of their contents.

38.     This paragraph contains Plaintiffs' characterization and description of 29 U.S.C. § 794, to which the Court is respectfully referred for a complete and accurate statement of its contents.

39.     The first sentence contains Plaintiffs' characterization and description of 29 U.S.C. § 794, and 34 C.F.R. § 104.4, to which the Court is respectfully referred for a complete and accurate statement of their contents.  The second sentence contains Plaintiffs' characterization and description of *New Mexico Association for Retarded Citizens v. State of New Mexico*, 687 F.2d 847 (10th Cir. 1982), to which the Court is respectfully referred for a complete and accurate statement of its contents.

40-43. These paragraphs contain Plaintiffs' characterization and description of 29 U.S.C. § 794, and 34 C.F.R. § 104, to which the Court is respectfully referred for a complete and accurate statement of their contents.

44.     Denied, except to admit that Stephen C. recently completed the sixth grade. Aver that Stephen C. has been enrolled at Havasupai Elementary School since the Fall of 2010.

45.     Denied.

46.     Deny the first sentence, except to admit that there have been staffing shortages at Havasupai Elementary School.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences, except to admit Stephen C. had temporary teachers in fifth grade.  Admit the fourth sentence

47.     Deny the first sentence.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in sentences two through nineteen except to admit that Stephen C.'s grandfather has guardianship of him and that Havasupai Elementary School called Bureau of Indian Affairs (BIA) police after Stephen C. pounded on the back of a computer, pulled out the wires, and broke the monitor.  Deny sentence twenty except to admit that one incident occurred involving students who were treated for ingesting cleaning supplies at the school.

48.     Defendants deny the first sentence, except to admit Stephen C. has challenges with emotional self-regulation and behavior, which the Havasupai Elementary School is addressing through the student's IEP.  Deny the remainder of the paragraph except to admit that sometimes when Stephen C. perceives himself to be under threat, he responds disproportionately or aggressively; that at times, Stephen C. is withdrawn and dissociative; that sometimes he isolates himself from peers, teachers, and family members, and has difficulty communicating his feelings and thoughts; and that Stephen C. has difficulty establishing friendships with other children and has difficulty focusing and concentrating in the classroom.

49.     Deny the first sentence.  Deny the second sentence except to admit that Stephen C. has previously been disciplined and placed on homebound services as determined by his

7

IEP team.  Deny the fourth sentence except to admit that Stephen C. has difficulty reading and writing.

50.     Admitted.

51.     Denied.

52.     Deny except to admit that Stephen C. has previously been disciplined and placed on homebound services as determined by his IEP team.

53.     Deny the first sentence, except to admit that BIA police were called to assist when Stephen C. destroyed school property.  Deny the second sentence, except to admit that Havasupai Elementary School called BIA police after Stephen C. pounded on the back of a computer, pulled out the wires, and broke the monitor.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence, except to admit that Havasupai Elementary School staff called BIA police to assist with the incident.

54.     Deny except to admit that on or about December 1, 2016, Stephen C. was disciplined and placed on homebound services as determined by his IEP team.

55-56. Denied.

57.     Deny the first and second sentences, except to admit Stephen C. is behind grade level in reading, writing and math.  Defendants lack sufficient knowledge or information to form a belief about the allegations in the third sentence, and aver that Stephen C. is currently attending a residential placement as determined by his IEP team.

58.     Denied, except to admit Anna D. recently completed third grade and first enrolled in Havasupai Elementary School in the Fall of 2013.

59.    Denied.

60.    Deny the first sentence, except to admit that there are staffing shortages at Havasupai Elementary School.  Deny the second sentence, except to admit that some of Anna D.'s teachers have left during the middle of the school year.  Deny the third and fourth sentences, except to admit that Anna D. has had more than one teacher over the past few years.

61.    Admitted.

62.    Deny the first, second, and third sentences.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence regarding Elsa D.'s recollections, except to admit that students participated in Earth Day activities.

63.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence regarding Elsa D.'s observations.  The second sentence contains plaintiffs' characterization of Anna D.'s requirements, to which no response is required, but insofar as one is deemed required, denied.

64.    Admitted.

65.    Denied, except to admit that Durell P. recently completed the seventh grade, has been enrolled at Havasupai Elementary School since the Fall of 2009, and attended a 45-day residential placement pursuant to the terms of a settlement agreement reached between Durell P.'s mother and Havasupai Elementary School.

66.    Denied.

67.    Deny the first sentence, except to admit that there are staffing shortages at

Havasupai Elementary School.  Deny the second sentence.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except to aver that Durell P. has lived at various times with his mother and grandmother and attended a 45-day residential placement pursuant to the terms of a settlement agreement reached between his mother, Billie P., and Havasupai Elementary School

69.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except to admit that Durell P. has experienced bullying by classmates, and Havasupai Elementary School and staff have called BIA police to assist when Durell P. engaged in dangerous behavior at school.

71.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence, except to admit that Durell P. has experienced childhood adversity and has challenges with panic and anxiety, reactive behavior, and withdrawal and isolating behavior.  Defendants lack knowledge or information sufficient to form a belief about Durell P.'s thoughts and beliefs as alleged in the second sentence.  Admit the third sentence.  Deny the forth sentence, except to admit that school staff discussed with Durell P. the option of receiving services at school rather than in his homebound environment.  Admit the fifth sentence.  Deny the sixth sentence, except to admit that Durell P.'s teachers and school staff have recommended his return to campus, and that his IEP team, including Durell P. and his mother, agreed that Durell P. should return to campus on a

modified schedule until he is ready to return full time.

72.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

73.  Admit sentences one through five.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence.

74.  Deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the second and third sentences because plaintiffs do not specify any time frame, except to admit that Durell P. has previously been disciplined.  Deny the fourth sentence, except to admit that Durell P. experienced academic gains during his homebound IEP placement.

75.  Admitted.

76.  Denied.

77.  Deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph.

78.  Deny the first sentence, except to admit that school staff has called BIA police to assist with responding to unsafe behavior exhibited by Durell P., and that some of the unsafe behaviors were a manifestation of the student's disability.  Admit the allegation in the second sentence that Durell P. was arrested for pushing a teacher in the classroom during the school day, but defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that he was criminally prosecuted.

79.  Admit the first sentence.  Deny the second sentence.

80.  Deny the first sentence.  Defendants lack knowledge or information sufficient

to form a belief about the truth of the allegations in the second and third sentences regarding Billie P.'s beliefs, except to admit that Billie P. and the school agreed through a settlement agreement for Durell P. to complete a 45-day residential placement. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence. Deny the fifth sentence. Deny the sixth sentence, except to admit that Durell P.'s IEP team identified a residential placement as the appropriate placement for Durell P. to receive FAPE.

81.     Deny the first sentence, except to admit Durell P. was enrolled at Havasupai Elementary School during the 2016-2017 school year and received services through a homebound placement as determined by his IEP team. Admit the second and third sentences

82.     Admitted.

83.     Denied.

84.     Deny the first sentence, except to admit that there are staffing shortages at Havasupai Elementary School. Admit the second and third sentences.

85.     Denied.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in sentences one through three. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence because plaintiffs do not specify any time frame, and aver the school investigated an alleged incident during the 2016-2017 school year and found no evidence of sexual assault or penetration. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence because plaintiffs do not specify any time frame.

Deny the sixth sentence and aver the school investigated an alleged incident during the 2016-2017 school year and found no evidence of sexual assault or penetration.  Deny the seventh sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in sentences eight through the remainder of the paragraph

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

88.     Denied.

89.     This paragraph contains plaintiffs' characterization of Taylor P.'s requirements, to which no response is required, but insofar as one is deemed required, denied.

90-137.     N/A.

138-139.     Denied.

140.     Deny the first and third sentences.  Admit the second sentence.

141.     Deny the first sentence, except to admit that the Principal position was vacant at the beginning of the 2014-2016 school years.  Admit the second sentence.

142.     Deny the first sentence, except to admit there have been instances when the school has needed to close due to insufficient staffing despite BIE's significant efforts to hire and retain staff.  Admit the second, third, and fourth sentences.

143.     Admitted.

144.     Denied, except to admit that pursuant to the school calendar, which is approved by the School Board, the school closes after lunch on Fridays and teachers are permitted to leave the Havasu Canyon for the weekend.

145.     Deny the first and second sentences, except to admit the school was closed for

a portion of November 2016 as a result of vandalism and the resulting damage to the school building.  Deny the third sentence, except to admit that the school closed for a number of professional days in May 2016.

146.   Denied.

147.   Admit the first sentence.  Deny the second sentence.

148-49.      Denied.

150.   Deny the first sentence, except to admit the school is often subject to reservation-wide power outages which affect the school's access to technology.  Admit the second sentence.

151.   The first sentence contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.  Admit the second sentence.

152-54.      Denied.

155.   Admit the first sentence in the text, except that footnote three contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.  Deny the second and third sentences, except to admit that the Advisory School Board typically does not meet at the School when children are present, that Advisory School Board members may not participate in the work of the Advisory School Board until the background checks are complete, and that such background checks may take many months to process.  Deny the fourth and fifth sentences.

156.   Denied.

157.   This paragraph contains Plaintiffs' characterization of this action and the historical background of this case to which no answer is required, but insofar as one is

deemed required, denied.

158-59.    These paragraphs contain Plaintiffs' characterization of the historical background of this case, to which no answer is required, but insofar as one is deemed required, denied.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but insofar as this paragraph references the allegations in Section III of the Complaint, the Court is respectfully referred to the corresponding answers to those allegations in paragraphs 44-137 above.

161-64.    These paragraphs contain Plaintiffs' characterization and description of publications entitled *Adopting ACES Screening and Assessment in Child Servicing Systems*; *Adverse Childhood Experiences: Assessing the Impact on Health and School Engagement and the Mitigating Role of Resilience*; *No School Alone: How Community Risks and Assets Contribute to School and  Youth Success, Report to the WA State Office of Financial Management in response to Substitute House Bill 2739*; and *The Association of Community Violence Exposure with Middle-School Achievement: A Prospective Study*, to which the Court is respectfully referred for a complete and accurate statement of their contents.  The allegations in these paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

165-67.    The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

168-69.    Denied.

170.    Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

171.   Denied.

172.   Deny the first sentence, except to admit that there is a need for a well-functioning system of special education for certain students at Havasupai Elementary School, which serves a high proportion of students with disabilities.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence, except to admit that half of the students in the School have not been identified as students with disabilities.

173.   Denied.

174.   Denied.

175.   Deny the first sentence.  Deny the second, third, and fourth sentences, except to admit that there have been times when the school is not sufficiently staffed.

176.   Deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph because plaintiffs do not specify any time frame or the students to whom they are referring.

177.   Denied.

178.   Denied.

179.   Admitted.

180.   Denied.

181.   Deny the first sentence.  The remainder of the paragraph does not set forth a claim for relief or facts in support of a claim to which an answer is required.

182.   This paragraph contain Plaintiffs' characterization and description of the *BIE*

*Report on Student Achievement and Growth: 2009-10 to 2012-13,* and a report prepared by the BIE Division of Performance and Accountability entitled *Annual Report: Havasupai Elementary School (2013)*, to which the Court is respectfully referred for a complete and accurate statement of their contents.

183.   Denied, except to admit that some Havasupai students arrive at the secondary-school level unprepared for high school-level work.

184.   Deny the first sentence, except to admit that students who have completed the eighth grade must either apply to BIE high schools or transfer to state funded public schools outside of the canyon.  Deny the second sentence, except to admit that some Havasupai students have been unable to meet coursework and credit requirements or the proficiency standards necessary to attend BIE high schools.

185.   Deny the first and second sentences, except to admit that some Havasupai Elementary School students who are admitted to a secondary school struggle academically and do not graduate from high school.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in sentences three and four

186.   Deny the first sentence.  Admit the second sentence.  Deny the third sentence, except to admit that some current and former DOI and BIE officials have been made aware of the problems at Havasupai.

187.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that some federal officials have been made aware of some problems at Havasupai.

188-189.       These paragraphs contain Plaintiffs' characterization and description of

publications entitled *Blueprint for Reform, BIE Progress Report, 2015*; *Synopsis of the Reprogramming*; *Further Actions on GAO Recommendations Needed to Address System Management Challenges to Indian Education*; *2014 Native Youth Report*; *BIA and DOD Schools: Student Achievement and Other Characteristics Often Differ from Public Schools*; and *Indian Affairs: Better Management and Accountability Needed to Improve Indian Education*, to which the Court is respectfully referred for a complete and accurate statement of their contents.

190.   This paragraph contains Plaintiffs' characterization and description of the Havasupai Elementary School, School Improvement Grant Application Packet (attached to the Complaint as Exhibit A), and the BIE Special Education Advisory Board *Regular Meeting Minutes*, to which the Court is respectfully referred for a complete and accurate statement of their contents.

191.   Admitted.

192.   The first sentence contains Plaintiffs' characterization and description of the BIE Special Education Advisory Board *Regular Meeting Minutes*, to which the Court is respectfully referred for a complete and accurate statement of its contents.  Admit the second sentence.

193.   Admitted.

194.   Denied.

195.   Defendants here incorporate their above responses to paragraphs 1 through 194 of the Complaint.

196.   This paragraph contain Plaintiffs' characterization and description of 5 U.S.C.

18

§ 706(1), to which the Court is respectfully referred for a complete and accurate statement of its contents.

197.    Admitted.

198.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

199.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.  To the extent that the paragraph contains Plaintiffs' characterization and description of 25 C.F.R. § 36.20, the Court is respectfully referred to that provision for a complete and accurate statement of its contents.

200.    This paragraph contains conclusions of law to which no answer is required but insofar as one is deemed required, denied.  To the extent that the paragraph contains Plaintiffs' characterization and description of 25 C.F.R. §§ 36.21-36.23, the Court is respectfully referred to those provisions for a complete and accurate statement of their contents.

201.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.  To the extent that the paragraph contains Plaintiffs' characterization and description of 25 C.F.R. §§ 36.11, 36.30-31, 36.40-43, and 36.50-51, the Court is respectfully referred to those provisions for a complete and accurate statement of their contents.

202.    Denied.

203.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because plaintiffs do not specify the time frame to

which they are referring.

204-207. Denied.

208. Defendants here incorporate their above responses to paragraphs 1 through 207 of the Complaint.

209. This paragraph contains Plaintiffs' characterization and description of 5 U.S.C. § 706(2), and the Court is respectfully referred to that provision for a complete and accurate statement of its contents.

210. Admitted.

211. This paragraph contains conclusions of law to which no answer is required but insofar as one is deemed required, denied.

212. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.   To the extent that the paragraph contains Plaintiffs' characterization and description of 25 C.F.R. § 36.20, the Court is respectfully referred to that provision for a complete and accurate statement of its contents.

213. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.   To the extent that the paragraph contains Plaintiffs' characterization and description of 25 C.F.R. §§ 36.21-36.23, the Court is respectfully referred to those provisions for a complete and accurate statement of their contents.

214. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.  To the extent the paragraph contains Plaintiffs' characterization and description of 25 C.F.R. §§ 36.11, 36.30-31, 36.40-43, and 36.50-51,

the Court is respectfully referred to those provisions for a complete and accurate statement of their contents.

215-20.    Denied.

221.    Defendants here incorporate their above responses to paragraphs 1 through 220 of the Complaint.

222.    This paragraph contains Plaintiffs' characterization and description of 29 U.S.C. § 794(a), to which the Court is respectfully referred for a complete and accurate statement of its contents.

223.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.   To the extent that the paragraph contains Plaintiffs' characterization and description of 29 U.S.C. § 794(b)(2)(B), the Court is respectfully referred to that provision for a complete and accurate statement of its contents.

224.    This paragraph contains Plaintiffs' characterization and description of 42 U.S.C. §§ 12102(1)(A) and (2)(A), and the Court is respectfully referred to those provisions for a complete and accurate statement of their contents.

225.    This paragraph contains conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

226-231.    Denied except to admit that at times there has not been a sufficient number of qualified special education teachers at Havasupai Elementary School.

232-33.    These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

234.    Denied.

235.    Defendants here incorporate their above responses to paragraphs 1 through 234 of the Complaint.

236.    This paragraph contains Plaintiffs' characterization and description of 29 U.S.C. § 794(a), to which the Court is respectfully referred for a complete and accurate statement of its contents.

237.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.   To the extent that the paragraph contains Plaintiffs' characterization and description of 29 U.S.C. § 794(b)(2)(B), the Court is respectfully referred to that provision for a complete and accurate statement of its contents.

238.    This paragraph contains Plaintiffs' characterization and description of 42 U.S.C. §§ 12102(1)(A) and (2)(A), to which the Court is respectfully referred for a complete and accurate statement of their contents.

239.    Denied, except to admit that the effects of complex trauma may cause impairment that limits a student's ability to learn, read, concentrate, think, and/or communicate, and to generally receive an education and have the opportunity to succeed in school.

240.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

241.    Denied.

242.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

243.    Denied.

244.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

245-46.    Denied.

247-48.    These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

249.    Denied.

250.    Defendants here incorporate their above responses to paragraphs 1 through 249 of the Complaint.

251.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

252.    Admitted.

253-58.    Denied.

259-60.    These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

261.    Denied.

262.    Defendants here incorporate their above responses to paragraphs 1 through 261of the Complaint.

263.    This paragraph contains Plaintiffs' characterization and description of 34 C.F.R. § 104.36, to which the Court is respectfully referred for a complete and accurate statement of its contents.

264.    Admitted.

265-68.    Denied.

269-70.     These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

271.   Denied.

The remaining paragraphs set forth Plaintiffs' request for relief to which no answer is required, but insofar as an answer is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

Defendants hereby deny all allegations of the Complaint not otherwise specifically answered above.

Wherefore, having fully answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, and awarding Defendants their costs and attorney's fees and such other relief as the Court deems just and proper.

Dated:  April 23, 2018                              Respectfully submitted,

                                                    CHAD A. READLER
                                                    Acting Assistant Attorney General
                                                    CARLOTTA P. WELLS
                                                    Assistant Branch Director

                                                    /s/  **Lisa A. Olson**
                                                    LISA A. OLSON, D.C. Bar No. 384266
                                                    CESAR A. LOPEZ-MORALES,
                                                        MA Bar No. 690545
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    20 Massachusetts Avenue NW
                                                    Washington, D.C.  20530
                                                    Telephone: (202) 514-5633
                                                    Facsimile: (202) 616-8470
                                                    Email: lisa.olson@usdoj.gov

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2018, I electronically transmitted the foregoing Affidavit of Service by Certified Mail to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

**/s/  Lisa A. Olson**
Lisa A. Olson