1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen C., a minor, by Frank C., guardian ad litem, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Bureau of Indian Education, et al., <br><br> Defendants. | CV-17-08004-SPL <br><br> **JOINT MOTION TO STAY LITIGATION** <br><br> (First Request) |

The parties respectfully submit this joint motion under LRCiv 7.3 to stay the litigation pursuant to the parties' mediated agreement.  In support of the Joint Motion to Stay, the parties state as follows:

1.      Plaintiffs' Third Amended Complaint was filed on August 10, 2018.

2.      The parties have been diligently working to attempt to resolve the claims in Plaintiffs' Third Amended Complaint.  To that end, the parties engaged in a two-day mediation on August 14 and 15, 2018, before an experienced mediator, Paul Bardacke, Esq., in Santa Fe, New Mexico.  A letter from Mr. Bardacke to the Court is attached as Exhibit B.

3.      Through that mediation, the parties agreed to a structured process for addressing the educational deficiencies alleged in Plaintiffs' Third Amended Complaint. Specifically, the agreement provides for a team of experts to independently assess the alleged educational deficits and needs of Havasupai Elementary School and to provide concrete recommendations for improvement, as applicable.  The expert assessment will cover a range of specified areas and will be based on data collected in the course of trips to Supai and meetings with Defendants in Washington, DC, as well as additional data provided by defendants upon reasonable request.

4.      The expert assessment will be complete by February 15, 2019.  Within 30-45

days of completion of the expert assessment, the parties will convene for another mediation session with Mr. Bardacke.   The parties contemplate that this session will include discussion of potential relief for the individual student Plaintiffs, as appropriate.

5.      In addition to the above-described expert assessment process, the mediation agreement includes Defendants' commitment to take numerous immediate steps concerning staffing, teacher retention, field trips, parent and community engagement, technology and educational resources, and student disciplinary procedures, among other issues.  The parties' agreement is attached as Exhibit A.

6.      In order for the experts to complete their assessment and for the parties to continue their progress toward a mediated resolution of Plaintiffs' claims, the parties hereby jointly request that all deadlines and proceedings in this action—including Defendants' current deadline to answer the Third Amended Complaint—be stayed until at least 21 days after the parties' next mediation session.

7.      The parties propose to provide the Court with updates regarding the progress of the expert assessment and further mediation process by filing a joint status report every 45 days following the entry of the requested stay.  In addition, the parties will file a joint status report within 14 days after the next mediation session to state their respective positions on whether the stay should remain in place.

This Court has inherent power to stay proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Here, good cause exists to stay the litigation.  Although the parties have made significant progress toward an agreed resolution to date, the complexity of the issues in this case and the need for expert input make it impracticable to reach a final settlement through a single mediation among counsel.  The process agreed to at the mediation provides the most practicable route to reaching a final resolution, and a stay will allow the experts to perform their work and allow both sides to focus attention and resources on ensuring the success of this mediated

1   process.

2       For these reasons, the parties jointly and respectfully request an order suspending all

3   deadlines and proceedings in this action—including Defendants' current deadline to

4   answer the Third Amended Complaint—until at least 21 days after the parties' next

5   mediation session.  The parties will file a joint status report updating the Court regarding

6   the parties' progress every 45 days from the date of entry of the requested stay, as well as

7   within 14 days after the next mediation session.

8   RESPECTFULLY SUBMITTED this 24th day of August, 2018.

9   Dated:  August 24, 2018                    Respectfully submitted,

10

11                                             BY PLAINTIFFS:

12                                             /s/ *Emily C. Curran-Huberty*
                                               Bradley S. Phillips
13                                             Bryan H. Heckenlively
                                               Emily C. Curran-Huberty
14                                             MUNGER, TOLLES & OLSON LLP
                                               560 Mission Street
15                                             Twenty-Seventh Floor
                                               San Francisco, CA 94105-3089
16                                             Tel: (415) 512-4000
                                               Fax: (415) 512-4077
17                                             Email: bryan.heckenlively@mto.com
18
19                                             Alexis DeLaCruz
20                                             NATIVE AMERICAN DISABILITY
                                               LAW CENTER
21                                             3535 E. 30th Street, Suite 201
                                               Farmington, NM 87402
22                                             Telephone:  505.566.5880
23
24                                             Mark Rosenbaum
25                                             Kathryn Eidmann
                                               Anne Hudson-Price
26                                             PUBLIC COUNSEL
                                               610 South Ardmore Avenue
27                                             Los Angeles, CA 90005
28

3

Telephone: 213.385.2977

Tara C. Ford (*pro hac vice*)
taraford@law.stanford.edu
Stanford Law School
MILLS LEGAL CLINIC
Youth and Education Law Project
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: 650.725.8581


Judith M. Dworkin
David C. Tierney
Rachel Felix
SACKS TIERNEY P.A.
4250   N.   Drinkwater   Blvd.,   4th   Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600

Maria Martinez-Sánchez
AMERICAN   CIVIL   LIBERTIES   UNION   of
NEW MEXICO
1410 Coal Avenue SW
Albuquerque, NM 87104
Telephone: 505.266.5915

BY DEFENDANTS:

CHAD A. READLER
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Branch Director


/s/ Lisa A. Olson (w/permission)

LISA A. OLSON, D.C. Bar No. 384266
CESAR LOPEZ-MORALES,
         MA Bar No. 690545
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW

1
2
3

Washington, D.C.  20530
Telephone: (202) 305-8550
Facsimile: (202) 616-8460
Email: cesar.a.lopez-morales@usdoj.gov

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2018, I electronically served the foregoing using the CM/ECF System.

*/s/ Emily C. Curran-Huberty*

Emily C. Curran-Huberty

# Exhibit A

FRE 408 – Confidential Settlement Communication
Subject to Mediation Privilege

Plaintiffs and Defendants agree to seek a stay of the action based upon and in consideration of the following terms:

Expert Report
- Team of four experts led by Bryan Brayboy
- Two trips to the canyon funded by Defendants and one trip to Washington D.C. funded by Defendants
- Defendants agree to make aggregate school data available to the expert team within a reasonable time period agreed to by the parties after receiving a request. Defendants agree to provide available student specific data (with personally identifiable information redacted) upon a showing of good cause by the experts, and within a reasonable time period agreed to by the parties after receiving a request.
- One expert report covering the subjects in Appendix A to our proposed agreement, completed by February 15, 2019.
- The expert report will take into account the considerations outlined in the constraints memo, e.g. housing, retention, funding.
- Subsequent to visiting Havasupai, but prior to going to D.C., experts will identify proposed areas of inquiry to Defendants at least 14 days in advance of the meeting in Washington D.C.
- The parties agree that the expert report will be an independent assessment. All reasonable expert costs funded by Defendants.  Plaintiffs will provide an estimate of the costs for the experts and trips within 14 days of the stay. Experts will draft and provide the parties with a scope of work consistent with Appendix A and subject to the parties' review and approval within 14 days of the stay.

- School Improvement Collaborative
  - There will be a School Improvement Collaborative, including an independent facilitator or government-employed facilitator mutually agreed to by the parties, unless the experts recommend otherwise. The size and scope of the collaborative will be determined based upon the expert report and recommendations.
  - The expert report will assess and make recommendations regarding the composition and work activities of the School Improvement Collaborative.
  - The School Improvement Collaborative will include at least one tribal member who will be paid a reasonable stipend, subject to availability and interest.
  - The details of the School Improvement Collaborative will be worked out based on the recommendations in the expert report in a further mediation to be scheduled with Paul Bardacke 30-45 days after the issuance of the expert report.

- Specific Compliance Objectives
  Defendants agree full staffing is critical and is a top priority. Defendants are working on filling positions and detailing staff, and are willing to consider any ideas or suggestions by Plaintiffs on how to expedite the recruitment and hiring of staff.  Defendants are

amenable to further discussions about long-term good faith implementation of the staffing provision upon receipt of the expert report.

To address staffing shortfalls for the current school year, Defendants agree to do the following:

- Within 30 days of stay, deploy detail teachers, counselor, and Principal to fill current vacancies subject to their consent and availability until the vacancies are filled on a permanent basis.
- Subject to her preexisting contractual obligations and consistent with 5 U.S.C. 3341, offer to retain Dr. Roanhorse-Dineyazhi as Acting Principal.
- Request that Dr. Roanhorse-Dineyazhi provide teacher support and curriculum support to school remotely for remainder of the period of the stay.

➢ One field trip out of the canyon for grades 5th through 8th between now and April 1, 2019 and one field trip in the canyon for all students between now and March 1, 2019.

➢ Defendants agree to hold another open house at the beginning of the school year comparable to a standard public school open house, and to host one community event annually. The 2018 open house will take place before the end of September. Parents will receive notice of the open house by mail at least 14 days in advance.

➢ Defendants agree to provide all parents at HES with written information about their children's rights to special education services and supports, including parental rights to participate in decisions related to their children's education and due process protections.

➢ Defendants agree to assess student need for additional services if either (a) the BIA police are called to intervene at the school or (b) a student is suspended from the school for more than 2 days.

➢ Transitional planning for 7th and 8th graders to begin promptly, including, but not limited to, helping the student and family explore educational options after 8th grade, identify an appropriate secondary school, and draft a transition plan. All transition plans will be in place by March 30, 2019.

➢ Defendants commit to providing summer school services. Defendants will explore partnering with Arizona State University, and will notify Plaintiffs of the status of that effort by November 1, 2018.

➢ Defendants will improve broadband internet access for students and staff.

➢ Within 30 days of the stay, Defendants shall identify and provide to the experts all categories of data presently collected about students at Havasupai Elementary School.

➢ Defendants will make the library and all materials currently in the library fully accessible to students within 60 days of the stay. Defendants will explore options to procure a librarian within this timeframe or identify a teacher(s) responsible for the library, to the extent it is consistent with their contracts.

➢ Upon receipt of Tribal approval for expanding housing, BIE will work with the Office of Facilities, Property and Safety Management to prepare a request for new BIE housing units. Once the request is approved, BIE can begin the budget process for requesting necessary appropriations from Congress.

➢ Other specific criteria to be discussed and agreed upon at the follow-up mediation based on the expert report.

• Other Issues

- ➢ Agreement that we will work on implementation plan and exit criteria once the stay is in place.  No agreement now on specific exit criteria to be included or excluded.
- ➢ Agreement that Defendants will pay reasonable attorney's fees in an amount to be determined by agreement or, if an agreement cannot be reached on fees, in an amount to be determined by the court.
- ➢ All other issues reserved for further discussion.
- ➢ By August 23, 2018, the parties agree to file a joint motion for a stay of all proceedings. Compliance with this agreement is contingent upon a stay being in effect. This agreement is for a stay, not to resolve the litigation.
- ➢ Parties agree that Paul Bardacke will be asked to work with the parties to resolve any disputes that arise.
- ➢ The parties will use their best efforts to implement the actions described in this agreement.  If either party believes that the other party is not fulfilling its obligations under the agreement, it shall notify the other party and allow for a reasonable time to resolve any issues, with the assistance of the mediator where appropriate, before moving to lift the stay of litigation.  The parties agree that the sole consequence of any failure to fulfill the terms of this agreement is that the stay of the litigation will be lifted.  If the stay is lifted, all obligations and commitments under this agreement shall cease (unless the parties agree in writing to continue any of them).

Agreed to on August 15, 2018

_____
Counsel for the Plaintiffs
Bradley Phillips

_____
Counsel for the Defendants
Cesar A. Lopez-Morales

Mediated By:

_____
Paul Bardacke

## APPENDIX A

The expert assessment team coordinated by Dr. Bryan Brayboy will assess, amongst other areas, the <u>current</u>:

1. Capacity to provide all required subjects, content, and curriculum at HES
2. HES staff, including recruitment and retention efforts;
3. Provision of culturally-relevant education based on the unique culture and tradition of Havasupai to HES students;
4. Instruction appropriate to HES students' language needs;
5. Relationship between the school board and HES;
6. Assessment of HES student achievement and communication of results to parents;
7. HES and student data collection;
8. Resources at HES, including, but not limited to, instructional materials, library access, extracurricular activities and field trips;
9. HES staff training;
10. Mental health and wellness supports for HES students;
11. Use of multi-tiered system of HES student supports;
12. Related service providers;
13. Activities to introduce and support HES/community relationships;
14. Practices and procedures related to identification and location of HES students with disabilities;
15. Due process procedures available to HES families;
16. Planning processes for HES student transition to secondary schools.

The expert assessment team coordinated by Dr. Bryan Brayboy will make recommendations regarding steps necessary to ensure, among other things:

1. HES instruction is academically robust, culturally-relevant, and based on a comprehensive general education curriculum;
2. Sufficient numbers of qualified staff at HES, including related services staff/contractors and recruitment and retention policies targeted to fully staff the school and maintain a stable set of teachers, administrators, and service-providers for multiple years;
3. Relevant data is collected and analyzed regarding HES student achievement and progress, that such data is reported to parents and the Council, and a process is implemented to determine prompt corrective action to address deficiencies in data collection;
4. Sufficient resources to support HES student learning, which may include: summer and after-school enrichment programming, appropriate instructional materials, library access, extracurricular activities and field trips;
5. Policies and procedures to identify and locate HES students with disabilities;
6. Policies and procedures to protect HES parents' rights to participate in their children's education;
7. Functional multi-tiered system of HES student supports;
8. Evidence-based practices, policies, and mental health resources sufficient to meet HES student social-emotional and wellness needs;
9. Planning and transition process to assist HES students in gaining admission, transitioning to, and preparing to attend secondary schools;

10. Policies, practices and staffing that promote positive relationships between HES and community, tribal council, and school board;
11. Outcome measurements to evaluate recommended improvements.

# Exhibit B

# BARDACKE

August 24, 2018

Hon. Stephen P. Logan
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 521
401 West Washington Street, SPC 82
Phoenix, AZ 85003-2161

RE: *Stephen C., et al. v. Bureau of Indian Education, et al*, No. 3:17-cv-08004-SPL

Dear Judge Logan:

I conducted a mediation between the parties in the above-captioned matter on August 14 and August 15, 2018.  Both parties came to the mediation well-prepared and eager to work together to develop a plan for resolving this complicated matter.  The nature of the issues at stake in this dispute makes it impossible to work out a final resolution among counsel during a single mediation session.  I say that for two principal reasons:  First, Defendants were very concerned they would not have the resources to engage in the work needed for settlement while at the same time engaging in active litigation.  Second, it is apparent (and the parties agree) that independent subject-matter experts are needed to study and make recommendations about how best to address the problems identified in Plaintiffs' complaint before the parties will be in a position to discuss what specific measures are needed to resolve the litigation.  For those reasons, we focused on reaching an agreement that would—with the Court's approval—allow for a stay of the litigation while their efforts to resolve the litigation continue.

I am pleased to report that we were successful in reaching such an agreement.  The parties and I executed a term sheet at the end of our session on August 15, 2018 under which the parties agreed to seek a stay of the action in consideration of a number of promises. At your request, I understand that the parties will provide you with a copy of this agreement. One of the key aspects of the agreement is that a team of experts will be formed to study the problems at Havasupai Elementary School and write a detailed report recommending how to address them.  That report will be completed by February 15, 2019, after which the parties and I will gather for another mediation session within 30 to 45 days.  Defendants have also agreed to take certain additional steps in the meantime that will take effect during the current school year.  I have also agreed, at the parties' request, to be available as a facilitator to address any disputes that may arise.



141 E PALACE AVENUE SANTA FE NM 87501    BARDACKE ALLISON LLP  PO BOX 1808 SANTA FE NM 87504    BARDACKEALLISON.COM    505 995 8000

Hon. Stephen C. Logan
August 24, 2018
Page 2


Please do not hesitate to contact me with any questions about this matter.  It was a
pleasure to work with the parties on this important matter and I look forward to my
continuing work with them.

                    Very truly yours,

                    Paul Bardacke


cc:   *Counsel of Record*

