**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen C., et al., | No. CV-17-08004-PCT-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bureau of Indian Education, et al., | |
| Defendants. | |

This dispute arises out of a conflict between several students (together, the "Plaintiffs") who attend or have previously attended Havasupai Elementary School ("HES") and the defending parties responsible for the operation and administration of HES, including the Bureau of Indian Education and the United States Department of the Interior (together, the "Defendants"). Before the Court is the Defendants' Motion for Partial Summary Judgment (Doc. 182) (the "Defendants' Motion") and the Plaintiffs' Motion for Summary Judgment (Docs. 184, 187) (the "Plaintiffs' Motion"). The Defendants' Motion and the Plaintiffs' Motion were fully briefed on July 17, 2019. (Docs. 190, 191, 200, 202, 203) The Plaintiffs requested oral argument on both motions, and the Court held a hearing (the "Motion Hearing") on both motions on November 20, 2019. The Court's ruling is as follows.

## I. Legal Standard

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A judge's function' at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Cable v. City of Phoenix*, 647 F. App'x 780, 781 (9th Cir. 2016).

## II. Background

The Plaintiffs are students who attend or have previously attended HES. The defending parties, including the Bureau of Indian Education ("BIE") and the United States Department of the Interior ("DOI"), are responsible for the operation and administration of HES. The Plaintiffs filed their third amended complaint (the "TAC") on August 10, 2018, alleging six causes of action against the Defendants. (Doc. 129) Each claim is rooted in the Defendants' failure to provide the Plaintiffs with adequate education under the standards set forth by the Department of Education's ("DOE") regulations and other federal statutes.

**III. Analysis**

The Complaint lists six causes of action for (i) violation of 5 U.S.C. § 706(1) for failure to provide basic education, (ii) violation of 5 U.S.C. § 706(2) for failure to provide basic education, (iii) violation of 29 U.S.C. § 794 for failure to provide a system enabling students with disabilities to access public education, (iv) violation of 29 U.S.C. § 794 for failure to provide a system enabling students impacted by childhood adversity access to public education, (v) violation of 34 C.F.R. § 104.32 for failing to abide by DOE regulations regarding "location and notification", and (vi) violation of 34 C.F.R. § 104.36 for failing to abide by DOE regulations regarding "procedural safeguards." (Doc. 129) The Defendants' Motion seeks partial summary judgment on counts 1, 2, 4, 5, and 6. The Plaintiffs' Motion seeks partial summary judgment on counts 1, 3, 4, 5, and 6. At the Motion Hearing, the Defendants admitted that they have failed to provide basic education as required by the law; thus, the Court finds that there is no genuine dispute as to the material facts of this case. Accordingly, the Court addresses summary judgment on each claim in turn.

**A. <u>Count I – Violation of 5 U.S.C. § 706(1) – Failure to Provide Basic Education</u>**

The Defendants seek summary judgment on the Plaintiffs' claim pursuant to 5 U.S.C. § 706(1), arguing that this claim is not actionable under the Administrative Procedure Act ("APA"). (Doc. 182 at 10–11) The Defendants argue that the APA only allows judicial review of a final "agency action," and there is no final agency action for the Court to review in this case. (Doc. 182 at 11) In response to the Defendants' Motion, the Plaintiffs argue that they should survive summary judgment because the Complaint alleges "discrete failures to act" by the Defendants, and the Court may compel agency action under such circumstances. (Doc. 190 at 9)

In the Plaintiffs' Motion, the Plaintiffs seek summary judgment on Count 1, arguing that there is no dispute as to the fact that the Defendants have failed to comply with regulations set forth in Title 25 of the Code of Federal Regulations (the "Title 25 Regulations"). (Doc. 184 at 10) In addition to arguing that the Plaintiffs have failed to

identify a discrete agency action as required for a claim pursuant to 5 U.S.C. § 706(1), the Defendants respond to the Plaintiffs' Motion by arguing that the Plaintiffs fail to meet their burden of demonstrating that summary judgment is warranted because (i) the Plaintiffs fail to identify and discuss the legal standards underlying their claim, and (ii) there are genuine disputes of material fact regarding whether BIE has implemented the Title 25 Regulations identified by the Plaintiffs. (Doc. 191 at 8–13)

It is plainly stated that 5 U.S.C. § 706(1) allows the Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. A claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). However, it is well settled that a plaintiff cannot seek "wholesale" improvement of an agency program under the APA through the courts. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 892–94 (1990). The Supreme Court of the United States addressed this issue in *Lujan v. National Wildlife Federation*, in which it stated that flaws in an agency program "consisting principally of the many individual actions . . . cannot be laid before the courts for wholesale correction under the APA." *Lujan*, 497 U.S. at 893.

*Lujan's* holding is supported by the Supreme Court's analysis in *Norton v. Southern Utah Wilderness Alliance*, in which the Supreme Court stated that broad programmatic attacks are not permissible under 5 U.S.C. § 706(1). *SUWA*, 542 U.S. at 64, (2004). The *SUWA* opinion moved on to state that judicial interference is not appropriate where a statute mandates an agency action and provides the agency "a great deal of discretion in deciding how to achieve it." *Norton*, 542 U.S. at 66–67. Specifically, the Supreme Court stated:

> "[t]he principal purpose of the APA limitations we have discussed—and of the traditional limitations upon mandamus from which they were derived—is to protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve. If courts were empowered to enter general orders compelling compliance with broad statutory mandates, they would necessarily be empowered, as well, to determine whether compliance was achieved—which would mean that it would ultimately become the task of the supervising court, rather than

4

> the agency, to work out compliance with the broad statutory mandate, injecting the judge into day-to-day agency management."

*Id*. at 67–68.

The Court finds that the Defendants are entitled summary judgment on Count 1 because the Plaintiffs have failed to identify a final, discrete agency action that is reviewable by the Court. The Court finds that the Plaintiffs' challenges, when aggregated, rise to the level of an impermissible, systematic challenge under the APA that should not be resolved by the courts. As stated in *Lujan*, any intervention by this court "may ultimately have the effect of requiring a regulation, a series of regulations, or even a whole 'program' to be revised by the agency," and "more sweeping actions," as in this case, "are for other branches." *Lujan*, 497 U.S. at 894. Accordingly, the Defendants are entitled to summary judgment on Count 1.

**B. Count II - Violation of 5 U.S.C. § 706(2) – Failure to Provide Basic Education**

The Defendants arguments for summary judgement on Count 2 mirror their arguments for summary judgment on Count 1. The Defendants seek summary judgment on the Plaintiffs' claim pursuant to 5 U.S.C. § 706(2), arguing that this claim is not actionable under the APA. (Doc. 182 at 10–11) The Defendants argue that the APA only allows judicial review of a final "agency action," and there is no final agency action that the Court may address in this case. (Doc. 182 at 11) In response to the Defendants' Motion, the Plaintiffs argue that they should survive summary judgment because discovery has produced evidence demonstrating that the Defendants have acted in an arbitrary and capricious manner in their dealings with HES. (Doc. 190 at 9)

The Court's analysis of the claims set forth in Count 2 mirrors its analysis of the Plaintiffs' claims in Count 1. The Court finds that the Defendants are entitled summary judgment on Count 2 because the Plaintiffs' challenges, when aggregated, rise to the level of an impermissible, systematic challenge under the APA that should not be resolved by the courts. As stated in *Lujan*, any intervention by this court "may ultimately have the effect of requiring a regulation, a series of regulations, or even a whole 'program' to be

revised by the agency," and "more sweeping actions," as in this case, "are for other branches." *Lujan*, 497 U.S. at 894. Accordingly, the Defendants are entitled to summary judgment on Count 2.

C. **Count III – Violation of 29 U.S.C. § 794 – Failure to Provide a System Enabling Students with Disabilities to Access Public Education**

In Count 3 of the TAC, the Plaintiffs allege a claim under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794) ("Section 504"), stating that the Defendants failed to provide the requisite system and resources necessary to educate children with disabilities. (Doc. 129 at 60–62) The Plaintiffs argue that HES often fails to employ special education teachers and counselors, and special needs students often receive limited or no instruction because HES is understaffed and ill-prepared to handle the needs of students with disabilities. (Doc. 184 at 19–22) In response, the Defendants argue that this claim is misguided, as the Defendants are not subject to DOE regulations because they do not receive federal financial assistance as required for Section 504 to apply. (Doc. 191 at 13) Additionally, the Defendants argue that summary judgment should not be granted on Count 3 because the Defendants are actively working to provide the relief requested by the Plaintiffs; therefore, no present relief is available. (Doc. 191 at 14) In reply, the Plaintiffs argue that their motion should not be denied based on the Defendants' hollow promises. (Doc. 202 at 10)

The Court finds that the Plaintiffs' Motion must be denied as to Count 3 because the Defendants, as members of the executive branch, are not subject to Section 504. Section 504 applies to "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794. At the Motion Hearing, the Plaintiffs argued that the DOI adopted Section 504 in Subpart B of 43 C.F.R. § 17.220 ("Section 17.220"), which applies Section 504 to "education programs or activities that receive Federal financial assistance, and to recipients that operate, or that receive Federal financial assistance for the operation of such programs or activities." 43 C.F.R. § 17.220. Therefore, Subpart B of Section 17.220 explicitly incorporates Section

504 into the requirements of educational programs that receive federal funds.

At the Motion Hearing, the Defendants argued that the DOI and BIE are not programs that receive federal financial assistance to operate HES. Instead, the Defendants argue, and the Court agrees, that federal agencies do not receive federal funds for the purpose of being subject to Section 504. *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 612 (1986) (stating that a federally owned and operated system is not a recipient of federal financial assistance.) At the Motion Hearing, the Defendants argued that Subpart E of Section 17.220 applies to the Defendants. Subpart E of Section 17.220 specifically applies to programs or activities conducted by the DOI. 43 C.F.R. § 17.501–17.999. However, unlike in Subpart B, there is no portion of Subpart E that requires programs operated by the DOI to "comply with the Section 504 requirements promulgated by the Department of Education at 34 C.F.R. Part 104, Subpart D." 43 C.F.R. § 17.220. Without any such obligation, the Court finds that the Plaintiffs' Motion must be denied on Count 3.

D. **Count IV – Violation of 29 U.S.C. § 794 – Failure to Provide a System Enabling Student Plaintiffs Impacted by Childhood Adversity to Access Public Education**

In Count 4 of the TAC, the Plaintiffs allege a claim under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), stating that the Defendants failed to provide the requisite system and resources necessary to educate children impacted by childhood adversity or complex trauma. (Doc. 129 at 62–65) In the Plaintiffs' Motion, the Plaintiffs argue that HES often fails to provide reasonable accommodations to students impacted by complex trauma. (Doc. 184 at 22–23) In response, the Defendants reiterate their arguments used to address Count 3, stating (i) the Defendants are not subject to DOE regulations because they are executive agencies, and (ii) summary judgment should not be granted because the Defendants are actively working to provide the relief requested by the Plaintiffs. (Doc. 191 at 13–14) In reply, the Plaintiffs argue that their motion should not be denied based on the Defendants' hollow promises. (Doc. 202 at 10)

In the Defendants' Motion, the Defendants argue that they should be awarded summary judgment on Count 4 because Section 504 only requires schools to make "reasonable" modifications to policies and procedures when "necessary" to avoid discrimination against disabled students. (Doc. 182 at 18) The Defendants argue that the Plaintiffs' long list of demands, which includes training HES staff in trauma-informed, culturally-sensitive strategies and adopting practices to enhance student wellness, far surpasses "reasonable" by requiring HES to implement an entirely new system of practices. (Doc. 182 at 17) The Defendants argue that such substantial modifications are inappropriate under Section 504, as they would cause substantial financial and administrative burdens on HES. (Doc. 182 at 18–20) In response, the Plaintiffs argue that they have met their burden of proving that the "trauma-informed" practices outlined in the TAC are reasonable; however, the reasonableness of the Plaintiff's recommended accommodations is a factual issue that cannot be resolved on summary judgment. (Doc. 190 at 15, 18)

Based on the Court's aforementioned analysis for Count 3, the Court finds that the Defendants are not bound to comply with the DOE's Section 504 regulations. Therefore, the Defendants are entitled to summary judgment on Count 4.

### E. Count V – Violation of 34 C.F.R. § 104.32 – Violation of Department of Education Regulations Regarding "Location and Notification"

In Count 5 of the TAC, the Plaintiffs allege a claim pursuant to DOE regulation 34 C.F.R. § 104.32, stating that the Defendants failed to implement a system to identify and notify students who are not receiving adequate public education due to their disabilities or experiences with complex trauma. (Doc. 129 at 65–66) 34 C.F.R. § 104.32 states:

> "[a] recipient that operates a public elementary or secondary education program or activity shall annually: (a) Undertake to identify and locate every qualified handicapped person residing in the recipient's jurisdiction who is not receiving a public education; and (b) Take appropriate steps to notify handicapped persons and their parents or guardians of the recipient's duty under this subpart."

34 C.F.R. § 104.32.

In the Defendants' Motion, the Defendants argue that they are entitled to summary judgment on Count 5 because this claim is brought pursuant to a DOE regulation, which the Defendants argue does not apply to schools operated by federal agencies. (Doc. 182 at 20) Specifically, the Defendants argue that 34 C.F.R. § 104.32 is a regulation that is intended to apply to schools that are recipients of federal funds, but the regulation does not bind other federal agencies. (Doc. 182 at 21) In response, the Plaintiffs argue that Subpart B of 43 C.F.R. § 17.220 requires compliance with DOE regulations. (Doc. 190 at 18) Additionally, the Plaintiffs argue that the Defendants are bound by DOE regulations because they accept DOE funds to operate HES. (Doc. 190 at 19) In the Plaintiffs' Motion, the Plaintiffs argue that there is no genuine dispute of material fact as to HES's failure to establish a system to identify students with disabilities in its student body, as required under 34 C.F.R. § 104.32. (Doc. 184 at 24) In response, the Defendants argue that they are not subject to DOE regulations. (Doc. 191 at 16)

Based on the Court's aforementioned analysis for Count 3, the Court finds that the Defendants are not bound to comply with DOE regulation 34 C.F.R. § 104.32. Accordingly, the Defendants are entitled to summary judgment on Count 5.

**F. <u>Count VI – Violation of 34 C.F.R. § 104.36 – Violation of Department of Education Regulations Regarding "Procedural Safeguards"</u>**

In Count 6 of the TAC, the Plaintiffs allege a claim pursuant to Department of Education regulation 34 C.F.R. § 104.36, arguing that the Defendants failed to implement a system to allow parents of students with disabilities to examine records and participate in hearings and review procedures. (Doc. 129 at 67–68) 34 C.F.R. § 104.36 states:

> "A recipient that operates a public elementary or secondary education program or activity shall establish and implement, with respect to actions regarding the identification, evaluation, or educational placement of persons who, because of handicap, need or are believed to need special instruction or related services, a system of procedural safeguards that includes notice, an opportunity for the parents or guardian of the person to examine relevant records, an impartial hearing with opportunity for participation by the person's parents or guardian and representation by counsel, and a review procedure. Compliance with the procedural safeguards of

> section 615 of the Education of the Handicapped Act is one means of meeting this requirement."

34 C.F.R. § 104.36.

The Defendants' Motion reiterates its arguments from Count 5 to argue that the Defendants should be awarded summary judgment on Count 6. (Doc. 182 at 20) Specifically, the Defendants argue that 34 C.F.R. § 104.36 is a regulation that is intended to apply to schools that are recipients of federal funds, but the regulation does not bind other federal agencies. (Doc. 182 at 21) In response, the Plaintiffs again argue that Subpart B of 43 C.F.R. § 17.220 requires compliance with DOE regulations, and the Defendants are bound by DOE regulations because they accept DOE funds to operate HES. (Doc. 190 at 19)

Based on the Court's aforementioned analysis for Count 3, the Court finds that the Defendants are not bound to comply with DOE regulation 34 C.F.R. 104.36. Accordingly, the Defendants are entitled to summary judgment on Count 6.

### G. **Plaintiffs Steven C. and Durell P.**

The Defendants argue that the Court lacks subject matter jurisdiction over two of the students identified in the TAC, Stephen C. and Durell P., because the students no longer attend HES. (Doc. 182 at 22–23) In response, the Plaintiff argues that Stephen C. and Durell P.'s claims are not moot because the Court can still provide a ruling that would benefit these parties. (Doc. 190 at 22) Specifically, the Plaintiffs argue that an order from the Court would benefit Stephen C. and Durell P. by (i) allowing them to gain access to their school records as they transition to high school and (ii) clarifying, as a matter of law, whether BIE schools are subject to DOE regulations. (Doc. 190 at 2) The Plaintiffs argue that, even if Stephen C. and Durell P.'s claims are moot, the Court should not dismiss the claims because the harm asserted is capable of repetition, which is an exception to dismissal for mootness. (Doc. 190 at 23)

The rule in federal cases is that an actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Timbisha Shoshone Tribe v. U.S.*

*Dep't of Interior*, 824 F.3d 807, 812 (9th Cir. 2016) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974)). Where an actual controversy does not persist throughout litigation, "[a] case becomes moot." *Id*. The mootness doctrine does not turn on whether the plaintiff continues to believe that some unlawful conduct occurred; rather, "the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id*. (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted. *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244–45 (9th Cir. 1988) (citing *United States v. Geophysical Corp.*, 732 F.2d 693, 698 (9th Cir.1984)). "[C]ourts of equity have broad discretion in shaping remedies." *Id*. (citing *Garcia v. Lawn*, 805 F.2d 1400, 1403 (9th Cir. 1986)). Thus, in deciding a mootness issue, "the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief." *Id*. The Ninth Circuit Court of Appeals has held that "[i]f there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Timbisha*, 824 F.3d at 812.

In light of the Court's rulings on both motions, Count 3 is the only remaining viable claim. In Count 3, the Plaintiffs seek declaratory relief requiring the Defendants to provide the Plaintiffs with adequate special education instruction, among other accommodations. (Doc. 129 at 61) As of the filing of the TAC, Plaintiff Durell P. completed the eighth grade and was not attending HES. (Doc. 182 at 23) Plaintiff Stephen C. was enrolled at HES at the time the TAC was filed, but he has since completed the eighth grade and is no longer attending the school. (Doc. 182 at 23) It is clear to the Court that there remains no active controversy as to Stephen C. and Durell P. under Count 3 because these students are no longer enrolled in HES. At this stage of the litigation, any benefit that Stephen C. or Durell P. would receive pursuant to Count 3 is speculative. Accordingly, the Court finds that there is no effective relief that is available to Stephen C. or Durell P., and any claims on their behalf shall be dismissed as moot.

Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc. 182) is **granted**;

2. Plaintiffs' Motion for Summary Judgment (Docs. 184, 187) is **denied**; and

3. Plaintiff Stephen C. and Plaintiff Durell P.'s claims are **moot**. Therefore, the Clerk of Court shall terminate Plaintiffs Stephen C. and Durell P. from this case.

Dated this 16th day of December, 2019.

> Honorable Steven P. Logan
> United States District Judge