**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen C., et al., ) | No. CV-17-08004-PCT-SPL |
| ) | |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| ) | |
| Bureau of Indian Education, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This dispute arises out of a conflict between several students (together, the "Plaintiffs") who attend or have previously attended Havasupai Elementary School ("HES") and the defending parties responsible for the operation and administration of HES, including the Bureau of Indian Education and the United States Department of the Interior (together, the "Defendants"). Before the Court is the Defendants' Motion for Partial Relief from the December 17, 2019 Order under rule 60(b) (Doc. 216) (the "Motion"). The Motion was fully briefed on January 15, 2020. (Doc. 219) Defendants also filed a notice of school closing to inform the Court that HES was closed down due to the COVID-19 pandemic. (Doc. 220) The Court's ruling is as follows.

**I.  Legal Standard**

**A. Motion for Relief from Judgment**

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D.

Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). Under Rule 60(b), a motion for reconsideration will only be granted if a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### B. Summary Judgment

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with

affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A judge's function' at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Cable v. City of Phoenix*, 647 F. App'x 780, 781 (9th Cir. 2016).

## II. Background

The Plaintiffs are students who attend or have previously attended HES. The defending parties, including the Bureau of Indian Education ("BIE") and the United States Department of the Interior ("DOI"), are responsible for the operation and administration of HES. The Plaintiffs filed their third amended complaint (the "TAC") on August 10, 2018, alleging six causes of action against the Defendants. (Doc. 129) Each claim is rooted in the Defendants' failure to provide the Plaintiffs with adequate education under the standards set forth by the Department of Education's ("DOE") regulations and other federal statutes. On December 17, 2019, the Court ruled on the parties' various motions for summary judgment. The Court granted summary judgment in favor of Defendants on counts 1, 2, 4, and 6 and denied Plaintiffs' motion for summary judgment on count 3. Defendants had not moved for summary judgment on count 3. The Motion requests relief from judgment as to counts 3 and 4 of the TAC.

## III. Analysis

At the outset, the Court notes that Defendants' Motion was untimely under the District of Arizona's Civil Local Rule 7.2(g)(2), which states that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCIV 7.2(g)(2). Defendants have not provided any reason for filing their Motion three weeks after the December 17, 2019 order. However, the Court recognizes that there is a manifest error in

its previous order and will entertain the Motion. Count 3 of the TAC alleges that Defendants violated 29 U.S.C. § 794 for failure to provide a system enabling students with disabilities to access public education and count 4 alleges that Defendants violated 29 U.S.C. § 794 for failure to provide a system enabling students impacted by childhood adversity access to public education. (Doc. 129) The Motion seeks relief from the judgment on the ground that the Court erred in holding that Defendants are not subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). (Doc. 216 at 1–2) Additionally, Defendants argue that the Court should allow them to present evidence of their attempts to comply with Section 504 so that the relief the Court would order under Section 504 on count 3 will take into account such attempts. (Doc. 216 at 3–4) Finally, Defendants argue that once the Court finds that they are subject to Section 504, the Court should grant summary judgment in their favor on count 4 of the TAC. (Doc. 216 at 4–7) Plaintiffs agree with Defendants' position that Section 504 applies but disagree on the other two issues. Plaintiffs argue that the Court should enter summary judgment in their favor on the liability portion of count 3 and set a hearing or trial to determine the course of action on remedy. (Doc. 219 at 3–4) Plaintiffs also argue that Defendants cannot succeed on summary judgment on count 4 because the Court already found that the "reasonableness of the Plaintiff's recommended accommodations is a factual issue that cannot be resolved on summary judgment." (Doc. 219 at 4–6)

**A. Count III – Violation of 29 U.S.C. § 794 – Failure to Provide a System Enabling Students with Disabilities to Access Public Education**

In Count 3 of the TAC, the Plaintiffs allege a claim under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), stating that the Defendants failed to provide the requisite system and resources necessary to educate children with disabilities. (Doc. 129 at 60–62) The Court found that Plaintiff's motion for summary judgment had to be denied on count 3 because "the Defendants, as members of the executive branch, are not subject to Section 504." (Doc. 214 at 6)

The Court reviewed the briefing associated with that issue and its reasoning and

concludes that it was in error on the application of Section 504. There appears to have been some confusion as to the arguments of the parties. Indeed, it appears that Defendants did not argue that they were not subject to Section 504 but instead, narrowly argued that they were not subject to the Department of Education's ("DOE") regulations implementing Section 504 but instead only the Department of the Interior's ("DOI") own regulations implementing Section 504. At the hearing on the motions for summary judgment, the Defendants argued that Subpart E of Section 17.220 applies to the Defendants.  Subpart E of Section 17.220 specifically applies to programs or activities conducted by the DOI. 43 C.F.R. § 17.501–17.999.  However, unlike in Subpart B, there is no portion of Subpart E that requires programs operated by the DOI to "comply with the Section 504 requirements promulgated by the Department of Education at 34 C.F.R. Part 104, Subpart D." 43 C.F.R. § 17.220.  Without any such obligation, the Court finds that the Defendants are not subject to the DOE's regulations implementing Section 504 but are subject to the DOI's own regulations under Section 504. The plain language of Section 504 mandates this conclusion. It states that Section 504 applies to "any program or activity receiving Federal financial assistance *or under any program or activity conducted by any Executive agency*." 29 U.S.C. § 794(a) (emphasis added). Courts have uniformly applied the statute to executive agencies. *See, e.g.*, *Lane v. Pena*, 518 U.S. 187, 199 (1996) ("Section 504 . . . extends its coverage to program[s] or activit[ies] conducted by any Executive agency."); *J.L. v. Social Sec Admin.*, 971 F.2d 260, 270 (9th Cir. 1992) ("Therefore, we conclude that a plaintiff states a claim under the Rehabilitation Act by alleging that the government's action . . . discriminates on the basis of handicap."); *see also Rhode Island Handicapped Action Comm. V. Rhode Island Pub. Transit Auth.*, 718 F.2d 490, 497 n.9 (1st Cir. 1983) (noting that "federal agencies . . . are subject . . . to section 504 of the Rehabilitation Act."). Accordingly, the Court will grant the Motion on the issue of whether Defendants are subject to Section 504.

The Court denied Plaintiffs' motion for summary judgment on count 3 of the TAC because it had found that Section 504 did not apply to the Defendants. (Doc. 214 at 7)

Defendants urge the Court to consider the appropriate remedy on count 3 and allow them an opportunity to demonstrate the current status of their compliance with Section 504. (Doc. 216 at 3–4) Interestingly, and consistent with the pleadings Defendants submitted at the summary judgment stage, they do not argue that they have complied with Section 504 but instead that they have taken steps to come into compliance and are implementing measures toward full compliance. (Doc. 216 at 3) Defendants' arguments on count 3 are focused on presenting evidence to the Court to help it in shaping equitable relief it might order on the issue. (Doc. 216 at 3–4) Plaintiffs argue that the Court should grant summary judgment in their favor on the liability portion of count 3 and then proceed to resolve the remedy portion with an evidentiary hearing or trial. (Doc. 219 at 4)

The Court agrees with Plaintiffs on count 3. Having revised its conclusion that Section 504 did not apply to Defendants, it is indeed a logical conclusion that summary judgment must be granted in favor of Plaintiffs on the issue of liability. Defendants have not challenged that they are not complying with Section 504 but have argued that their efforts toward compliance should be taken into account when the Court fashions an equitable remedy for the violations. Defendants specifically argue that such efforts show that an injunction is not necessary to ensure compliance with Section 504. (Doc. 216 at 4) The Court finds that Defendants have violated Section 504 and that there is no dispute of material facts on this issue. The Court finds that it is appropriate to set the case for trial on the remaining issues given that discovery took place and the stage at which the case is at.

**B. Count IV – Violation of 29 U.S.C. § 794 – Failure to Provide a System Enabling Student Plaintiffs Impacted by Childhood Adversity to Access Public Education**

In Count 4 of the TAC, the Plaintiffs allege a claim under Section 504 stating that the Defendants failed to provide the requisite system and resources necessary to educate children impacted by childhood adversity or complex trauma. (Doc. 129 at 62–65) The Court had granted summary judgment in favor of Defendants on this count based on its finding that Section 504 did not apply to Defendants. (Doc. 214 at 8) Defendants ask the

Court to look at the merits of the parties' arguments on this issue and grant summary judgment in their favor. (Doc. 216 at 4–7) Defendants argue that Section 504 only requires schools to make "reasonable" modifications to policies and procedures when "necessary" to avoid discrimination against disabled students. (Doc. 182 at 18) They argue that Plaintiffs' long list of demands, which includes training HES in trauma-informed, culturally-sensitive strategies and adopting practices to enhance student wellness, far surpasses "reasonable" by requiring HES to implement an entirely new system of practices. (Doc. 182 at 17) The Court already concluded in its order ruling on the motions for summary judgment that "the reasonableness of the Plaintiffs' recommended accommodations is a factual issue that cannot be resolved on summary judgment." (Doc. 214 at 8) The Court will not take up Defendants' invitation to reconsider this part of its previous opinion now and accordingly, the Court stands by its previous finding that there is a dispute of material facts on count 4 which prevents the entry of summary judgment.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Partial Relief from the December 17, 2019 Order (Doc. 216) is granted in part;

**IT IS FURTHER ORDERED** that the Court's December 17, 2019 order is vacated in part (Doc. 214);

**IT IS FURTHER ORDERED** that only the part of the Court's December 17, 2019 order dismissing Counts 3 and 4 of the TAC is vacated; and

**IT IS FURTHER ORDERED** that the Court will set a date and time for the final pre-trial conference in separate order.

Dated this 8th day of May, 2020.

Honorable Steven P. Logan
United States District Judge