JOSEPH H. HUNT
Assistant Attorney General
CARLOTTA P. WELLS
Assistant Branch Director
LISA A. OLSON, D.C. No. 384266
Senior Trial Counsel
CAROL FEDERIGHI, TX Bar No. 06872950
Senior Trial Counsel
CRISTEN C. HANDLEY, MO Bar No. 69114
BRADLEY CRAIGMYLE, IL Bar No. 6326760
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-2677
Facsimile: (202) 616-8470
Cristen.handley@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Stephen C., a minor, by Frank C., guardian ad litem, *et al.*,

Plaintiffs,

v.

Bureau of Indian Education, *et al.*,

Defendants.

No. 3:17-cv-08004-SPL

**DEFENDANTS' TRIAL BRIEF ON RELATIONSHIP BETWEEN THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT AND SECTION 504 OF THE REHABILITATION ACT**

Before the Court is the question of what remedy, if any, is appropriate to address Defendants' violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), in educating children with disabilities at Havasupai Elementary School ("HES"). The education of children with disabilities is subject to requirements imposed by, among other laws, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and Section 504. This trial brief is submitted to explain the relationship between these schemes and why the development and implementation of the remaining student-Plaintiffs' individualized education programs ("IEPs") under IDEA satisfies the Bureau of Indian Education's ("BIE's") obligations under Section 504 with respect to these students.

I. **THE IDEA**

The IDEA provides federal funds for special education to ensure that all eligible children have available to them a "free appropriate public education" ("FAPE") that is tailored to their unique needs. 20 U.S.C. § 1400(d)(1)(A). As defined in the IDEA, a FAPE comprises "special education and related services"—both "instruction" tailored to meet a child's "unique needs" and sufficient "supportive services" to permit the child to benefit from that instruction. *Id.* §§ 1401(9), (26), (29). Entities receiving federal funds under the IDEA (including states and the Secretary of the Interior, *id.* § 1411(h)) must show that they have implemented "policies and procedures" to provide disabled children with a FAPE, including procedures to develop an individualized education program for each eligible child. *Id.* § 1412(a), (a)(1), (a)(4); *see K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1095 (9th Cir. 2013). The IEP must be "reasonably calculated to enable the child to make progress appropriate in light of his circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017). "Crafted by a child's 'IEP Team'—a group of school officials, teachers, and parents— the IEP spells out a personalized plan to meet *all* of the child's 'educational needs.'" *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 749 (2017) (citing 20 U.S.C. §§ 1414(d)(1)(A)(i)(II)(bb), (d)(1)(B)) (emphasis added).

The Department of Education ("Education") has promulgated regulations implementing the IDEA, *see* 34 C.F.R. pt. 300, which, unlike Education's 504 regulations (*see infra*), generally apply to BIE-operated schools.  *See* 34 C.F.R. § 300.716.

## II. SECTION 504

Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794.  As this Court has correctly held, BIE, as a federal agency, is "not subject to the [Department of Education's] regulations implementing Section 504 but [is] subject to the D[epartment] [of] I[nterior]'s own regulations under Section 504." ECF No. 221, at 5.  The Department of the Interior has promulgated regulations applying Section 504 to "programs or activities conducted by the Department of the Interior," *see* 43 C.F.R. § 17.530(a), which includes schools operated by BIE.  Further, BIE will be issuing by July 20, 2020, a National Policy Memorandum (NPM-EDUC-33) setting forth interim guidance on how to apply these regulations to its educational programs.

Courts have interpreted Section 504 "as demanding certain 'reasonable' modifications to existing practices in order to 'accommodate' persons with disabilities." *Fry*, 137 S. Ct. at 749 (citations omitted). As applied to educational programs like BIE's schools, Section 504 requires educational institutions to provide students with disabilities the accommodations they "need[] to enjoy meaningful access to the benefits of a public education and that [are] available as reasonable accommodations."[1] *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *see generally Alexander v. Choate*, 469 U.S. 287, 301 (1985) (same). What

---

[1] For context, the Department of Education's Section 504 regulations (not applicable to the BIE) specifically require that "[a] recipient [of federal funds] that operates a public elementary or secondary education program or activity shall provide a free appropriate public education" ("FAPE") to children with disabilities.  34 C.F.R. § 104.33(a).  The FAPE required by the Department of Education's Section 504 regulations differs from the FAPE required by IDEA. *Mark H. v. Lemahieu*, 513 F.3d 922, 935 n.11 (9th Cir. 2008).

constitutes a reasonable accommodation "depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to [enjoy meaningful access to the program.]" *Mark H. v. Hamamoto*, 620 F.3d 1090, 1098 (9th Cir. 2010) (internal citation and quotation marks omitted, brackets in original). Section 504 does not, however, "require an organization to make fundamental or substantial alterations to its program." *Id.*; *see* 43 C.F.R. § 17.550(a)(3) (Department of the Interior regulation stating that Section 504 does not "[r]equire the agency to take any action that it can demonstrate would result in a fundamental alteration in the nature of a program or activity or in undue financial and administrative burdens.").

Where appropriate, individualized plans may be developed to provide accommodations or services to a child with a disability who is qualified for accommodations under Section 504. Such plans are called "504 Plans," and they address accommodations or services required so the child may participate in the general education classroom to the maximum extent possible. *See, e.g.*, *Simmons v. Pittsburg Unified Sch. Dist.*, No. 4:13-cv-04446-KAW, 2014 WL 2738214, at *1 n.3 (N.D. Cal. June 11, 2014).

### III. THE INTERACTION BETWEEN THE IDEA AND 504 AND APPLICATION TO THE REMAINING STUDENT-PLAINTIFFS

One of the IDEA's provisions, 20 U.S.C. § 1415(*l*), makes clear that nothing in the IDEA "restrict[s] or limit[s] the rights [or] remedies" that other federal laws, including anti-discrimination statutes like Section 504, confer on children with disabilities." *Id.*; *see Fry*, 137 S. Ct. at 748. Thus, both the IDEA and Section 504 apply to students at BIE schools.

In general, Section 504 covers a much broader group of individuals than the IDEA, but IDEA affords those it covers with more well-defined and extensive supports and services for students, as well as more explicit procedural protections, than are available under Section 504. *See, e.g., B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 159 (2d Cir. 2016); *Fry*, 137 S. Ct. 743, 755-56 (2017) ("[T]he IDEA guarantees individually tailored educational services, while … [Section] 504 promise[s] non-discriminatory access to public institutions."). Notwithstanding the different scope of the two schemes, many children with disabilities qualify under both schemes,

and schools can meet their 504 requirements through an IEP developed in accordance with the IDEA.[2] For these children, a separate 504 plan is unnecessary—their IEP "spells out a personalized plan to meet *all* of [their] 'educational needs.'" *Fry*, 137 S. Ct. at 750; *see note 2 supra* (discussing the Department of Education's regulations).

Defendants do not dispute that the four remaining student-Plaintiffs in this case—Olaf D., Freddy P., Moana L., and Taylor P.—qualify as individuals with disabilities under Section 504. In fact, these four student-Plaintiffs all have valid IDEA IEPs developed in consultation with their parents, their attorneys, and the Havasupai Elementary School and BIE. Plaintiffs' IEPs provide them with all the IDEA services and Section 504 accommodations to which they are deemed entitled.

Ostensibly, Plaintiffs do not challenge or seek relief pursuant to the IDEA but rather pursuant to Section 504. However, the relief Plaintiffs seek is not for discrimination under Section 504, but rather for an alleged denial of FAPE under IDEA, possibly based on an alleged failure to develop or implement suitable IEPs. *See Fry*, 137 S. Ct. at 756 (discussing how to determine whether the gravamen of a complaint against a school concerns the denial of a FAPE, or instead addresses disability-based discrimination). In fact, the evidence at trial will show that, subject to the ever-present obstacles that HES faces, BIE is positioning itself to address the remaining student-Plaintiffs' disabilities through full implementation of IEPs that satisfy Section 504. Moreover, the student-Plaintiffs have never contended that their IEPs are insufficient if fully implemented. (Should they have any concerns regarding the appropriateness of their IEPs, their parents/guardian may exercise their administrative remedies under the Individuals with Disabilities Education IDEA at any time.) No more is required of BIE, nor could the Court order any relief in addition to the services the student-Plaintiffs already are receiving that would be tailored to their individual circumstances. *See* Defs.' Proposed Conclusions of Law ¶¶ 15-17,

---

[2] For context, the Department of Education's Section 504 regulations (not applicable to the BIE) provide that "[i]mplementation of an Individualized Education Program developed in accordance with the Education of the Handicapped Act is one means of meeting the standard established in paragraph (b)(1)(i) of this section." 34 C.F.R. § 104.33(b)(2).

36-41, 46-47.   The Court should therefore decline to intervene in the student-Plaintiffs' educational programs.

Dated: July 2, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Carol Federighi*
LISA A. OLSON, D.C. Bar No. 384266
CAROL FEDERIGHI, TX Bar No. 06872950
CRISTEN C. HANDLEY, MO Bar No. 69114
BRADLEY CRAIGMYLE, IL Bar No. 6326760
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C.  20005
Telephone: (202) 514-1903
E-mail: carol.federighi@usdoj.gov