| | |
|---|---|
| Alexis DeLaCruz (SBN 031273)<br>adelacruz@nativedisabilitylaw.org<br>NATIVE AMERICAN DISABILITY<br>LAW CENTER<br>905 W. Apache St.<br>Farmington, NM 87401<br>Telephone: 505.566.5880<br><br>Kathryn Eidmann (*pro hac vice*)<br>keidmann@publiccounsel.org<br>Jesselyn Friley (*pro hac vice*)<br>jfriley@publiccounsel.org<br>Mark Rosenbaum (*pro hac vice*)<br>mrosenbaum@publiccounsel.org<br>PUBLIC COUNSEL<br>610 South Ardmore Avenue<br>Los Angeles, CA 90005<br>Telephone: 213.385.2977<br><br>Maria Martinez-Sánchez (*pro hac vice*)<br>mmartinez@aclu-nm.org<br>AMERICAN CIVIL LIBERTIES UNION<br>of NEW MEXICO<br>1410 Coal Avenue SW<br>Albuquerque, NM 87104<br>Telephone: 505.266.5915 | Bryan H. Heckenlively (*pro hac vice*)<br>Bryan.Heckenlively@mto.com<br>Emily Curran-Huberty (*pro hac vice*)<br>Emily.Curran-Huberty@mto.com<br>Allison M. Day (*pro hac vice*)<br>Allison.Day@mto.com<br>Alison Karol Sigurðsson (*pro hac vice*)<br>Alison.Sigurdsson@mto.com<br>April Youpee-Roll (*pro hac vice*)<br>April.Youpee-Roll@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: 213.683.9100<br><br>Judith M. Dworkin (SBN 010849)<br>Judith.Dworkin@SacksTierney.com<br>David C. Tierney (SBN 002385)<br>David.Tierney@SacksTierney.com<br>SACKS TIERNEY P.A.<br>4250 N. Drinkwater Blvd., 4th Floor<br>Scottsdale, AZ 85251-3693<br>Telephone: 480.425.2600<br><br>Tara C. Ford (*pro hac vice*)<br>taraford@law.stanford.edu<br>William S. Koski (*pro hac vice*)<br>bkoski@law.stanford.edu<br>Stanford Law School<br>MILLS LEGAL CLINIC<br>YOUTH AND EDUCATION LAW<br>PROJECT<br>559 Nathan Abbott Way<br>Stanford, CA 94305-8610<br>Telephone: 650.725.8581 |

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Stephen C., a minor, by Frank C., guardian ad litem, et al.,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>Bureau of Indian Education, et al.,<br><br>  *Defendants*. | No. 3:17-cv-08004-SPL<br><br>**PLAINTIFFS' TRIAL BRIEF ON ROLE OF SECTION 504** |

One disputed issue for trial is what remedy, if any, is appropriate to address Defendants' admitted violation of Section 504 of the Rehabilitation Act. Defendants lean heavily on the "if any" part of that statement, and they have taken the position that no remedy under Section 504 is available because there are individualized education programs ("IEPs") in place for the four remaining student plaintiffs under a different law—the Individuals with Disabilities Education Act ("IDEA"). This is wrong on several levels.

**1.     IDEA and Section 504 Are Materially Different, and the BIE Treats Them that Way**. IDEA is focused on obtaining specific services for individual students, whereas Section 504 addresses both individual services *and* the broader need for an educational system that is capable of providing services to students with disabilities. Defendants' argument and their reliance on *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 749 (2017), ignores this second, broader aspect of Section 504. What Plaintiffs seek here under Section 504 is not a private placement or more hours of a particular type of instruction, but a system that works and enables the school to identify, evaluate, and accommodate students with disabilities. As set out in detail in the Findings of Fact and Conclusions of Law, Plaintiffs' experts have introduced uncontroverted testimony that the appropriate program to accommodate students with disabilities would include full staffing, school-wide curriculum and supports, and school-wide policies and procedures. The needs of specific students are relevant to demonstrate what the school must have the capacity to do, but they are not the ultimate end to be met. And the Ninth Circuit has recognized that, where these type of systemic failures are at stake, the individualized framework of IDEA does not govern. *Doe By & Through Brockhuis v. Arizona Dep't of Educ.*, 111 F.3d 678, 682 (9th Cir. 1997); *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1304 (9th Cir. 1992).

Defendants' trial exhibits include training materials on Section 504 presented by BIE's Acting 504 Coordinator, which acknowledge the differences between the two statutes. *See* Trial Exhibit 1006. These slides include a long list of differences between Section 504 and IDEA, including that the two laws contain different definitions of disability, different eligibility criteria, funding streams, and types of accommodations. The slides state the BIE's

view that Section 504 is different from special education and that Section 504 accommodations must be provided "in the general education program." *Id.*, Slide 8. It is disingenuous for the BIE now to claim that it may avoid legal sanction under Section 504 because it is complying with the IDEA.

**2.    The BIE Is Not Actually Implementing the IEPs**.  And the BIE is not complying with the IDEA.  As Defendants admit, the four student Plaintiffs are not actually receiving the services to which they are entitled under their IEPs.  The BIE's assurances that it will begin to comply fully with the IEPs next year are not worthy of credence in light of the BIE's history of failed promises to satisfy its legal obligations to HES students with disabilities.  And these promises are legally insufficient as well for the reasons laid out in Plaintiffs' trial brief on the need for an equitable remedy.

**3.    There Are Other Students At Issue.**  Defendants' argument also ignores that this case is not only about the four remaining student Plaintiffs.  Organizational plaintiff Native American Disability Law Center faces an ongoing diversion of resources because of its advocacy on behalf of current and former HES students, including Stephen C. and Durell P. who do not currently have IEPs at the school.  This diversion of resources cannot be corrected by offering limited services to only some of the students with disabilities at HES. Among other problems, having IEPs for these four students does not address the persistent problems at HES with identifying students with disabilities.  Indeed, Olaf D., Moana L., and Freddy P. were identified and evaluated as students with disabilities only during the course of this litigation.  *See* Plaintiffs' Proposed Findings of Fact ¶ 104.

**4.    School-Wide Accommodations Are Required for Disabilities Related to Trauma.**  School-wide accommodations are particularly important for students with disabilities related to trauma.  *See* Plaintiffs' Proposed Findings of Fact ¶¶ 62-75.  Without the school-wide behavioral and instructional supports identified as essential by undisputed expert testimony, the BIE will not be providing meaningful access to students with disabilities related to trauma.

*    *    *

1  For all these reasons, and based on the evidence that will be presented at trial,
2 Plaintiffs respectfully submit that the existence of IEPs for the student Plaintiffs does not
3 obviate the need for injunctive relief under Section 504.  To the contrary, such relief is
4 critical to meeting the needs of students with disabilities at HES.

6 DATED: July 2, 2020                        MUNGER, TOLLES & OLSON LLP

7                                            By:      */s/ Bryan H. Heckenlively*
8                                                  Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

*/s/ Sarah Williams*