**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen C., et al., | No. CV-17-08004-PCT-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Bureau of Indian Education, et al., | |
| Defendants. | |

This dispute arises out of a conflict between several students (together, the "Plaintiffs") who attend or have previously attended Havasupai Elementary School ("HES") and the defending parties responsible for the operation and administration of HES, including the Bureau of Indian Education and the United States Department of the Interior (together, the "Defendants"). Before the Court is the parties' Amended Joint Motion to Reopen Discovery (the "Motion"). (Doc. 248) The Court's ruling is as follows.

**I.   Legal Standard**

Federal Rule of Civil Procedure 16(b) provides that a court may modify a case schedule for good cause. Fed. R. Civ. P. 16(b)(4). When assessing a motion to amend a scheduling order and reopen discovery, a court considers six factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional

discovery; and (6) the likelihood that discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

## II.   Background

The Plaintiffs are students who attend or have previously attended HES. The defending parties, including the Bureau of Indian Education ("BIE") and the United States Department of the Interior ("DOI"), are responsible for the operation and administration of HES.  The Plaintiffs filed their third amended complaint (the "TAC") on August 10, 2018, alleging six causes of action against the Defendants. (Doc. 129) Only two claims remain for the bench trial set to begin on November 10, 2020. At the final pretrial conference held before the Court on July 23, 2020, the Court initially denied the parties first motion to reopen discovery based on the pleadings and filings submitted to the Court prior to the conference and initial arguments by the parties. In response to the ruling, Plaintiffs' counsel informed the Court, for the first time, that the parties had already exchanged some discovery materials, including the new Section 504 policy which the BIE had published recently and intended to rely upon at trial. Following questioning by the Court, it appeared that the parties agreed in principle to reopen discovery for a limited purpose but disagreed as to the exact scope of such new discovery as well as the respective requests each party made for additional discovery. Accordingly, the Court vacated its previous order on reopening discovery and ordered the parties to file a Joint Amended Motion to Reopen Discovery setting forth precisely the type of evidence they each sought and providing a timeline by which the new discovery would take place. The Court clearly informed the parties that it would reinstate its previous denial if the Amended Motion was not limited in scope and showed that the parties still disagreed on the issue. Additionally, the Court informed the parties that it would not reopen discovery on any category of evidence which is too broad and as to which discovery would likely not be concluded prior to trial.

## III.   Analysis

At the outset, the Court notes that the Motion clearly set forth the parties' agreement to the evidence requested by each party. Indeed, Plaintiffs state that they agree to provide

the documents requested by Defendants, or at least agree that the relevant custodian of records will make a reasonable effort to locate and provide the evidence requested, and Defendants agree to do the same with respect to Plaintiffs' requested documents. (Doc. 248 at 3) The underlying basis for the parties' request to reopen discovery was that the evidence requested could not be obtained prior to the close of fact discovery in April 2019, mostly because such evidence did not exist. Furthermore, the BIE released its Section 504 National Policy Memorandum ("NPM-EDUC-33") on July 17, 2020 and one of the issue for the Court to decide during the bench trial is whether an injunction is appropriate to ensure the BIE's compliance with Section 504. The parties argue that evidence related to this new policy is relevant to any potential prospective relief. The Court agrees that such evidence is relevant and now considers the issue of reopening discovery.

The Court finds that all relevant factors support the reopening of discovery here, but the Court will not permit such reopening on any category of evidence requested by the parties which is so broad that it is not likely such discovery would take place in time for trial. The parties have agreed to have the relevant custodians of records conduct a reasonable search for the requested documents, to produce all non-privileged documents responsive to the requests by August 19, 2020, and to exchange privilege logs by August 26, 2020. (Doc. 248 at 4) The Court now addresses the discovery requested by each party and agreed to by the opposing party.

Plaintiffs has requested the following documents:  (1) documents describing the process for drafting, adopting, and implementing the BIE's Section 504 National Policy Memorandum ("NPM-EDUC-33"), including tribal consultation as referenced at Trial Exhibit 1105 at 1; (2) training materials on Section 504 used or prepared after April 26, 2019; (3) calendars or schedules of Section 504 trainings that took place after April 26, 2019, including planned trainings for the 2020-21 school year; (4) sign-in sheets or documentation of completion of Section 504 trainings attended by HES staff after April 26, 2019; (5) minutes from BIE leadership's weekly calls about HES since April 26, 2019; (6) weekly updates that Hankie Ortiz received regarding BIE-operated schools since April

26, 2019; (7) budgets, curricula, plans, and training materials regarding the BIE's trauma pilot program from April 26, 2019 to present. (Doc. 248 at 2) The Court finds that it is proper to grant the Motion fully as to categories 1 through 4 of Plaintiffs' requests. However, the Court finds that categories 5 and 6 do not appear reasonable and the Court is not convinced that such documents could be reasonably gathered and produced, or reasonably searched, by Defendants within the time frame the parties provided. Accordingly, the Court will deny the Motion as to categories 5 and 6 of Plaintiffs' requests. Regarding category 7, the Court finds that although evidence of budgets might be relevant, it would likely be too time-consuming for Defendants to find such documents, review them, and produce them within the allotted time frame. However, with regards to category 7, the Court will allow discovery only on curricula, plans, and training materials.

Defendants have requested the following categories of documents: (1) written communications between the parents (or guardians) of the four remaining student-Plaintiffs and Heather Hoechst about the development and implementation of the students' IEPs, including requests for Section 504 accommodations and requests for trauma-informed practices; (2) notes and minutes from IEP meetings for the four remaining student-Plaintiffs, including notes and minutes taken by those students' parents or guardians and by Ms. Hoechst; (3) other documents or communications showing Ms. Hoechst's "efforts to secure services and treatment for [the remaining student-Plaintiffs], and the BIE's failure to provide reasonable accommodations to such students." *See* Doc. 237 at 42. The Court finds that it is proper to grant the Motion fully as to categories 1 and 2 of Defendants requests. However, the Court finds that category 3 is vague, requesting "other documents or communications," and is not convinced that Plaintiffs could gather all such "other documents and communications" by the proposed deadline. Accordingly, the Court will deny the Motion as to category 3 of Defendants' requests.

The parties have requested to each take up to five depositions, totaling no more than 30 hours (but no more than one day of 7 hours per deposition). (Doc. 248 at 4) Plaintiffs have requested, and Defendants have agreed to produce for deposition, Tracie Atkins,

Richelle Etsitty, Stephanie Holton, Marcy Oliver, and Hankie Ortiz. (Doc. 248 at 4) Defendants have requested to depose, and Plaintiffs have agreed to produce for deposition, Heather Hoescht. (Doc. 248 at 4) The parties agree that all depositions will be completed by September 18, 2020, that they will exchange deposition designations, objections and counter-designations promptly, and that they will file them with the Court no later than 7 days prior to trial. (Doc. 248 at 4) The Court finds that the requested depositions and deadline are reasonable and will grant the Motion as to those requests.

Accordingly,

**IT IS ORDERED** that the Amended Joint Motion to Reopen Discovery (Doc. 248) is **granted in part**.

**IT IS FURTHER ORDERED** discovery is reopened solely for the purposes, categories of documents, and depositions set forth below.

**IT IS FURTHER ORDERED** that the Amended Joint Motion to Reopen Discovery (Doc. 248) is granted in full as to categories 1 through 4 of Plaintiffs' requests and categories 1 and 2 of Defendants' requests.

**IT IS FURTHER ORDERED** that the Amended Joint Motion to Reopen Discovery (Doc. 248) is granted in part as to category 7 of Plaintiffs' request, limiting discovery to curricula, plans, and training materials regarding the BIE's trauma pilot program from April 26, 2019 to present.

**IT IS FURTHER ORDERED** that the Amended Joint Motion to Reopen Discovery (Doc. 248) is denied as to categories 5 and 6 of Plaintiffs' requests and category 3 of Defendants' requests.

**IT IS FURTHER ORDERED** that the Amended Joint Motion to Reopen Discovery (Doc. 248) is granted as to both parties' requests for depositions.

///
///
///
///

**IT IS FURTHER ORDERED** that the parties shall comply with the deadlines they have proposed in the Motion and informing the parties that the Court will not entertain any further extension or request to alter the reopened discovery schedule or scope.

Dated this 4th day of August, 2020.

Honorable Steven P. Logan
United States District Judge