# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between Plaintiffs Taylor P., Freddy P., Moana L., Olaf D., and the Native American Disability Law Center ("NADLC"); and Defendants the Bureau of Indian Education ("BIE"), United States Department of the Interior, and David Bernhardt, in his official capacity as Secretary of the Interior (collectively, the "Parties"). The Parties believe this Settlement Agreement is fair, reasonable, and adequate to protect the interests of all parties.

The Parties now mutually desire to resolve all of the claims asserted by Plaintiffs in the Third and Fourth Causes of Action ("Counts 3 and 4," respectively) of the Third Amended Complaint for Declaratory and Injunctive Relief in *Stephen C., et al. v. Bureau of Indian Education, et al.*, No. 3:17-cv-08004-SPL (D. Ariz.) ("Complaint"), without the need for further litigation, and without any admission of liability. The Parties further desire to resolve all claims to attorneys' fees and costs for the First, Second, Third, Fourth, Fifth and Sixth Causes of Action of the Complaint incurred up to the Effective Date of this Agreement. Accordingly, the Parties hereby agree to compromise, settle, and resolve all of the claims asserted by Plaintiffs in Counts 3 and 4 of the Complaint, including Plaintiffs' attorneys fees and costs, and Plaintiffs agree to waive and release their claims for Plaintiffs' attorneys' fees and costs for Counts 1, 2, 5, and 6 of the Complaint up to the Effective Date of this Agreement, on the following terms and conditions:

## I.   Dismissal and Non-Released Claims:

**A.   Dismissal:** Within 5 calendar days of the Effective Date (as defined in paragraph X), the Parties will execute and jointly cause to be filed, in the United States District Court for the District of Arizona, a Joint Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); a copy of the Joint Stipulation of Dismissal to be filed is attached as Exhibit 1. The Parties agree that this dismissal will extinguish, with no possibility of revival, Plaintiffs' right to seek relief under Counts 3 and 4 of the Complaint. The Parties agree to cease further litigation as to Counts 3 and 4 of this case, including further discovery or trial preparations, as of the Effective Date. Plaintiffs may continue to pursue relief under Counts 1, 2, 5 and 6 of the Complaint, including by appealing the Court's grant of partial summary judgment in the United States Court of Appeals for the Ninth Circuit.

**B.   No Release of Future Claims:** Nothing in this Agreement shall be deemed a release, settlement, or waiver of claims by Plaintiffs related to or arising out of acts or omissions by Defendants after the Effective Date of this Agreement.

**C.   Duties Consistent with Federal Law:** Nothing contained in this Settlement Agreement shall impose on Defendants any duty, obligation, or requirement, the performance of which would be inconsistent with federal statutes or federal regulations in effect at the time of such performance.

**D.   No Limitation on NADLC's Duties Under Federal Law:** Nothing in this Agreement shall be deemed to limit NADLC's ability to fulfill its duties or roles under federal

law, as set forth in 42 U.S.C. § 15041 et seq., 42 U.S.C. § 10801, et seq., and the regulations promulgated thereto, 42 C.F.R. § 51, et seq., and 29 U.S.C. § 794e.

## II.   Relief:

### A.   Permanence of July 17, 2020 National Policy Memorandum

After consulting all Tribal and other stakeholders regarding the July 17, 2020 National Policy Memorandum (NPM), considering the commentary received, making appropriate revisions, and promptly seeking review by the Department of Justice Civil Rights Division pursuant to Executive Order 12250, Defendants will incorporate the NPM as a permanent chapter in the Indian Affairs Manual.  Defendants will complete the consultation process by November 2020.  By July 17, 2022, Defendants will incorporate the NPM as a permanent chapter in the Indian Affairs Manual (IAM).

### B.   Monitoring

**1.   Appointment of Monitor:**  Within fourteen days of the Effective Date, Defendants will propose three neutral, independent candidates to serve as a monitor.  The monitor shall review compliance by the Havasupai Elementary School with Section 504 of the Rehabilitation Act.  Defendants will consider individuals proposed by Plaintiffs to include in the group of three candidates.  Plaintiffs will then select a monitor from among the three candidates proposed by Defendants.  Defendants will pay up to $35,000.00 total for the monitor's fees and costs.  The monitor may request additional reimbursement if needed to complete reasonable activities under the agreement.  The parties agree and understand that the monitor will solely review HES's compliance with Section 504 of Rehabilitation Act as amended, 29 U.S.C. § 794, including the U.S. Department of Interior Section 504 implementing regulations at 43 C.F.R. §§ 17.501–17.570, and NPM-33-EDUC or any version of this document incorporated into the Indian Affairs Manual.  The monitor will not review Havasupai Elementary School's compliance with any other laws, including the Individuals with Disabilities Education Act.  Specifically, the monitor will not assess Havasupai Elementary School's compliance with individualized education programs.

**2.   Neutrality:**  The monitor shall function in a neutral capacity and shall exercise her or his duties under this Agreement in good faith and without bias in favor of or against any Party.

**3.   Compliance Plan:** Defendants shall develop an initial compliance plan in collaboration with the monitor.  Defendants will obtain Plaintiffs' input on the development of a compliance plan for HES for the first six-month term.  The compliance plan will be used by the monitor in overseeing compliance with Section 504 at HES.  Within 75 calendar days of the Effective Date of this Agreement, Defendants will provide plaintiffs a draft compliance plan.  Plaintiffs will provide redline comments within 10 calendar days of receipt of the draft compliance plan.  Within 10 calendar days of receiving Plaintiffs' recommendations, defendants will either incorporate Plaintiffs' recommendations, or provide a written explanation as to why Defendants did not incorporate Plaintiffs' recommendations.  Plaintiffs will then have 5 calendar days to request reconsideration of any changes that were not included.  Defendants will consider any

request for reconsideration, and will then make a final compliance plan which will be provided to Plaintiffs and the monitor.  These steps will constitute the entirety of the process for developing the compliance plan unless otherwise mutually agreed.  Plaintiffs may provide additional input on the compliance plan using this same process upon 30 calendar days of receipt of each monitoring report for the duration of this Agreement.

       **4.**    **Release of Information:**  Under the monitor's review process, Defendants will provide legally disclosable, non-privileged information requested by the monitor concerning HES's compliance with Section 504. Defendants will not provide any personally identifiable information (PII) requested by the monitor, except for PII regarding students for whom the parent or guardian of the student in question has consented to its disclosure.   The monitor can request individual student information with PII redacted or removed.  The monitor will be entitled to one visit to HES every six month period, for up to two days per visit.  The monitor shall have the authority to communicate independently with any individuals they determine necessary, including school faculty and staff.  If a party believes that information has been improperly withheld from the monitor, they may invoke the Dispute Resolution Procedure described in Section X.

       **5.**    **Report:**  The monitor will provide a report to the Parties on HES's compliance with Section 504 of the Rehabilitation Act of 1973 and NPM-33-EDUC every 6 months, commencing 6 months from the Effective Date of this Agreement, and ending at the expiration of 3 years from the Effective Date of this Agreement.  The report will not include PII or any other non-legally disclosable information, except for PII related to the student Plaintiffs, provided that each student Plaintiffs' parent or guardian has consented to its disclosure. The report will be emailed to the Parties as follows:

For Plaintiffs:

Tara Ford – taraford@law.stanford.edu

Therese Yanan – tyanan@nativedisabilitylaw.org

Bryan Heckenlively  – bryan.heckenlively@mto.com

Kathryn Eidmann – keidmann@publiccounsel.org

For Defendants:

Jennifer Wiginton - jennifer.wiginton@sol.doi.gov

Carlotta Wells - carlotta.wells@usdoj.gov

Lisa Olson - lisa.olson@usdoj.gov

Carol Federighi - carol.federighi@usdoj.gov

Cristen Handley - cristen.handley@usdoj.gov

Bradley Craigmyle - Bradley.t.craigmyle@usdoj.gov

**6.     Corrective Action Plan:**  After receiving each 6-month report, Defendants will develop a corrective action plan within 30 days to address any areas the monitor has identified in the report which require modification.  The plan will be submitted to the Plaintiffs and to the monitor.  The monitor shall have 10 business days to approve or disapprove the plan.  The monitor cannot require Defendants to take personnel actions, or require the expenditure of funds.  Within the 10 business day period, Plaintiffs can submit comments on Defendants' proposed corrective action plan to the monitor.  If the monitor rejects the plan the monitor shall provide the Parties with a written explanation for the denial, and the Parties and the monitor shall convene a meeting as soon as possible to discuss ways to modify the plan.  If the Parties are unable to reach a resolution on a corrective action plan, they may seek to engage a mediator.

**7.     Sharing of Information:**  Defendants will share the monitor's reports, the corrective action plan, and information regarding implementation of the corrective action plan with Plaintiffs. Defendants agree that the monitor's reports and any Corrective Action Plan(s) will be published on BIE's web site.

**C.     Compensatory Education**

**1.     Provision of Services:**  Defendants will provide compensatory educational services to each of the original named student Plaintiffs, *i.e.* Stephen C., Anna D., Durell P., Taylor P., Levi R., Leo R., Jenny A., Jeremy A., Jordan A., Freddy P., Moana L., and Olaf D.  Defendants agree to make available $240,000, in aggregate, for compensatory educational services for the named student Plaintiffs.

**2.     Allocation of Funds:**  Funding will be equally distributed amongst Plaintiffs, and each named student Plaintiff identified above will be allocated $20,000 to fund compensatory educational services.

**3.     Identification of Services:**  Plaintiffs will identify state certified or licensed, non-public academic or therapeutic programs or services, camps, post-secondary educational program, technical or vocational program, or other activities in which they wish to participate and submit a request to the Associate Deputy Director for Bureau Operated Schools, the Education Program Administrator for the Phoenix Office, and the Solicitor's office, at least 60 days prior to the day they wish services to start.  Program and activity costs shall include all reasonable costs, including travel costs such as transportation, food and lodging.  The request must contain enough information about the program or activity for Defendants to confirm it is state-certified or licensed.  Upon receipt of the request, Defendants will have 5 business days to provide Plaintiffs with written notice of Defendants' acceptance or denial of Plaintiffs' request.

**4.     Payment Process:**  If Defendants accept a request, Defendants will timely pay the selected program, camp or activity directly for services rendered.   Plaintiffs shall not receive a direct cash payment, except as required to reimburse reasonable costs associated with an approved program or activity or to reimburse Plaintiffs for an approved program or activity when Defendants have failed to provide payment directly to the program or activity within 60 days of the request. In such a circumstance, Plaintiffs shall provide Defendants with records of payment for such reasonable costs or approved program or activity.

**5.    Denial of Request:**  If Defendants deny the request, Defendants will provide written notice explaining the reason for the denial.  Plaintiffs will have 5 business days to respond to any denial.  Defendants will then make a final decision within 5 business days from receipt of plaintiffs' response.  If Plaintiffs remain dissatisfied with the decision, they can request mediation, and defendants will arrange and pay for a mediator.  Mediation will be arranged for in a timely manner, and defendants will pay for the mediation in this situation.

**6.    Contact Information:** The contact information for the Associate Deputy Director for Bureau Operated Schools, the Education Program Administrator for the Phoenix Office, and the Solicitor's Office is as follows.  Defendants will make best efforts to update this information if it changes.

**Associate Deputy Director Bureau Operated Schools**
Hankie Ortiz
Hankie.Ortiz@bie.edu

**Education Program Administrator**
Maxine Roanhorse-Dineyazhe
maxine.roanhorse-din@BIE.EDU

**Solicitor's Office**
Jennifer Wiginton
jennifer.wiginton@sol.doi.gov

## III.    Attorneys' Fees and Costs:

**A.    Attorneys' Fees and Costs Up to the Effective Date:**  Defendants agree to pay to Plaintiffs the sum of $725,000.00 in full and final settlement of any and all attorneys' fees and costs through the Effective Date of this Agreement.  Defendants will submit the necessary paperwork to process the $725,000.00 payment within 21 days of receipt of Plaintiffs' W-9 payable to:  Native American Disability Law Center, 905 W. Apache Street, Farmington, NM 87401.  Defendants will make good-faith efforts to provide for payment to be made within 90 days from when Defendants submit the necessary paperwork.

**B.    Release:**  Upon receipt of payment for attorneys' fees and costs, Plaintiffs shall release and forever discharge all claims against Defendants for attorneys' fees and costs that have accrued through the Effective Date, including but not limited to attorneys' fees and costs for the negotiation of this Agreement.  Defendants shall be responsible for the payment of their own attorneys' fees and costs incurred in the negotiation of this Agreement.

**C.    Attorneys' Fees and Costs for Mediation:**  The Parties shall share the costs of the mediator with respect to any dispute under this Agreement, with the exception of mediation costs identified in section II(C)(5) above.

**D.     Subsequent Fees for Counts 1, 2, 5, 6:**  Nothing in this Agreement precludes Plaintiffs from seeking fees and costs for work performed after the Effective Date related to Counts 1, 2, 5 and 6 of the *Stephen C.* litigation, including fees and costs incurred in appealing the Court's grant of partial summary judgment to the United States Court of Appeals for the Ninth Circuit and any subsequent proceedings.

**E.     Tax Requirements:**  Compliance with all applicable Federal, State, and local tax requirements shall be the sole responsibility of Plaintiffs and their counsel.  Nothing in this Settlement Agreement waives or modifies Federal, State, or local law pertaining to taxes, offsets, levies, and liens that may apply to money paid under this Agreement, and Plaintiffs are executing this Agreement without reliance on any representation by Defendants as to the application of any such law.

## IV.     <u>Releases</u>:

**A.     Release Regarding Counts 3 and 4:**  Subject to the terms of this Agreement, Plaintiffs hereby waive, release and forever discharge Defendants, all of the Department of the Interior's agencies, components, offices or establishments, and any officers, employees, agents, or successors, either in their official or individual capacities, of any such department, agency, component, office or establishment, from any and all claims, demands and causes of action of every kind, nature or description, whether known or unknown, which have been or could have been asserted in this action, or any other administrative or judicial proceeding against Defendants, arising out of or in connection with events alleged in Counts 3 and 4 of the Complaint.

**B.     No Release of Future Claims:**  Nothing in this Agreement shall be deemed a release, settlement, or waiver of claims by the Plaintiffs related to or arising out of acts or omissions by Defendants after the Effective Date of this Agreement.

## V.     <u>No Admission of Liability</u>:

This Agreement is not and shall not be construed as an admission by Defendants of the truth of any allegation or the validity of any claim asserted in this action, or Defendants' liability therein.  Nor is it a concession or an admission of any fault or omission in any act or failure to act.  Nor shall any of the terms hereof be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action (except in an action to enforce its terms), or construed for any purpose whatsoever as an admission or presumption of wrongdoing on the part of Defendants.

## VI.     <u>Entire Agreement</u>:

The terms of the Agreement, and the attachments thereto, constitute the entire agreement of the Parties entered into in good faith, and no statement, remark, agreement or understanding, oral or written, which is not contained therein, shall be recognized or enforced, except as indicated herein; nor does the Agreement reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of Counts 3 and 4 of this action and to resolve the matter without the time and expense of further litigation.

## VIII.     <u>Rule of Construction</u>:

This Agreement shall be considered a jointly drafted agreement and shall not be construed against any Party as the drafter.

45719281.1

**IX.** **Authority to Execute:** Each person signing this Agreement, whether signed individually or on behalf of any person or entity, warrants and represents that he or she has full authority to so execute the Agreement on behalf of the Party on whose behalf he or she so signs.

**X.** **Dispute Resolution Process:**

The Parties agree that the process set forth in this Section is the exclusive process for remedying alleged violations of this Settlement Agreement, including failure to comply with any Corrective Action Plan, following the filing of the joint stipulation of dismissal. The Parties further agree that following the filing of the stipulation of dismissal described in Section I, no other litigation action in the case pertaining to the enforcement of this Agreement, including but not limited to the filing of any motions or pleadings, may be taken except as set forth in this Section.

**A.** **Notice of Non-Compliance:** If a Party to this Settlement Agreement ("Initiating Party") believes that any other Party ("Responding Party") has not complied with any of the provisions of Section II of this Agreement, the Initiating Party shall provide the Responding Party with a written Notice of Non-Compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of this Agreement or the Corrective Action Plan(s) that the Initiating Party alleges the Responding Party has not complied with; (iii) a statement of the remedial action sought by the Initiating Party; (iv) a brief statement of the specific facts, circumstances, and legal argument supporting the position of the Initiating Party; and (v) any reasonably available, non-privileged information that supports the alleged failure to comply. The Notice of Non-Compliance must be served promptly, and no later than 60 days after the Initiating Party becomes aware, or reasonably should have become aware, of a potential violation.

**B.** **Response:** Within 30 days of receipt of a Notice of Non-Compliance, the Responding Party shall respond to the Initiating Party in writing. The Responding Party may request that the Initiating Party provide to the Responding Party any additional non-privileged information in the Initiating Party's possession that may assist investigation of the alleged failure to comply. The Responding Party may further request that its time to respond be tolled until such information is provided.

**C.** **Meet and Confer:** Within 30 days after the response described above, or as soon as practically possible thereafter, representatives of the Parties shall informally meet, either in person or via teleconference, and confer and attempt to resolve the issues raised in the Notice of Non-Compliance.

**D.** **Referral to Mediation:** If the matters raised in the Notice of Non-Compliance are not resolved within 45 days of the initial meet and confer, the Parties will arrange for the matter to be resolved through mediation within 90 days of the initial meet and confer. The parties agree to appoint Paul Bardacke as the mediator under this Agreement. In the event that Paul Bardacke is unable or unwilling to serve in this role during the term of this Agreement, the Parties will agree to appoint a mutually-agreed upon, neutral subject matter expert who is not employed by and does not contract with Defendants to serve as the mediator. The Responding Party may at any time take the remedial action sought by the Initiating Party in its Notice of Non-Compliance to cure the alleged violation, in which case no mediation will occur.

     **E.**    **Request for Judicial Enforcement:**  If the Parties are unable to reach a mutually acceptable resolution through mediation, the Initiating Party may seek judicial enforcement of compliance with this Settlement Agreement.  The Parties agree to engage in the above dispute resolution procedures to resolve any dispute relating to the interpretation or implementation of this Settlement Agreement before bringing the matter to the Court's attention.  In the event that the Initiating Party seeks judicial enforcement of the provisions of this Agreement, the Initiating Party shall file a motion pursuant to Fed. R. Civ. P. 60(b)(6) seeking relief from the stipulation of dismissal.  The Parties agree not to dispute that the filing of such a motion constitutes an appropriate mechanism to seek enforcement of the provisions of this Agreement.  However, the Responding Party shall not be deemed to have waived any available defenses to the substance of such motion, and any right or authority to contend that no violation of this Settlement Agreement has occurred.  The Parties agree that any Rule 60(b)(6) motion for enforcement shall not include a request that any party or nonparty to the case be held in contempt.

**XI.**    **Effective Date:**  This Agreement shall take effect upon execution by all signatories below, and will expire 3 years after the Effective Date unless extended by the Parties' agreement.

**XII.**    **Counterparts and Delivery:**  The Agreement may be signed in any number of counterparts, all of which together shall constitute one and the same instrument.  The Agreement may be executed and delivered by transmission in PDF or similar electronic document format with the same force and effect as an executed original of the Agreement.

**XIII.**    **Modification and Amendment:**  This Agreement cannot be modified or amended except by an instrument in writing signed by the Party to be charged therewith; nor shall any provision hereof be waived other than by a writing setting forth such waiver and signed by the Party to be charged with such waiver.

**XIV.**    **Notice to the Parties:**  All notices required or permitted hereunder shall be in writing and shall be served on the Parties at the U.S. mail and email addresses set forth below.  A Party's email address or mailing address may be changed by written notice to the other Party.

To Plaintiffs:
                              Tara C. Ford
                              Stanford Law School
                              Mills Legal Clinic
                              Youth and Education Law Project
                              559 Nathan Abbott Way
                              Stanford, CA 94305-8610
                              Telephone: 650.725.8581
                              taraford@law.stanford.edu

With a copy to:
                              Therese Yanan
                              Native American Disability Law Center
                              905 W. Apache St.
                              Farmington, NM 87401
                              Telephone: 505.566.5880

tyanan@nativedisabilitylaw.org

Bryan H. Heckenlively
Emily C. Curran-Huberty
Munger, Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Telephone: 415.512.4000
bryan.heckenlively@mto.com
emily.curran-huberty@mto.com

Kathryn Eidmann
Jesselyn Friley
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: 213.385.2977
keidmann@publiccounsel.org
jfriley@publiccounsel.org

To the Defendants:                    Jennifer Wiginton
                                      Attorney Advisor
                                      Division of Indian Affairs
                                      Office of the Solicitor
                                      U.S. Department of the Interior
                                      1849 C St. NW, Room 6512
                                      Washington, DC 20240
                                      (202) 208-5498
                                      jennifer.wiginton@sol.doi.gov

With a copy to:                       Carlotta Wells
                                      Lisa A. Olson
                                      Carol Federighi
                                      Cristen Handley
                                      Bradley Craigmyle
                                      U.S. Department of Justice
                                      Civil Division
                                      1100 L Street NW
                                      Washington, DC 20005
                                      Telephone: (202) 514-5633
                                      Carlotta.wells@usdoj.gov
                                      Lisa.olson@usdoj.gov
                                      Carol.federighi@usdoj.gov
                                      Cristen.handley@usdoj.gov

Bradley.t.craigmyle@usdoj.gov

**XIV.   Knowing Agreement:**  Each Party acknowledges that they are represented by counsel and that they have reviewed, and had the benefit of legal counsel's advice concerning, all of the terms and conditions of this Settlement Agreement.

<u>ACKNOWLEDGMENT OF SETTLEMENT</u>

By their signatures below, the Parties, by and through counsel, indicate their consent to the terms and conditions set forth above.

Date:   9/24/20

BRYAN HECKENLIVELY

Date:   9/24/20

LISA A. OLSON

45719281.1